[NOTE. For proceedings on demurrer to the replication to the plea interposed to the petition, see preceding case, No. 2,938.]

---

## Case No. 2,240.

### BUTLER v. FARNSWORTH.

[4 Wash. C. C. 101.][1]

Circuit Court, E. D. Pennsylvania. April Term, 1821.

CIRCUIT COURTS—JURISDICTION—CITIZENSHIP.

1. A citizen of one state is to be considered as a citizen of every other state in the union. Citizenship, in relation to the federal judiciary, must be of that kind which identifies the party with some particular state, of which he is a member.

[Cited in Doyle v. Clark, Case No. 4,053.]

2. The only rational construction of the constitution, in relation to jurisdiction of the federal courts, is to limit it to cases where the suit is between resident citizens of separate states, or where an alien is a party.

3. In order to give jurisdiction to the courts of the United States, the citizenship of the party must be founded on a change of domicil, and permanent residence in the state to which he may have removed from another state. Mere residence is prima facie evidence of such change, although when it is explained and shown to have been for temporary purposes, the presumption is destroyed. The intention is to be collected from acts, and not from the declarations of the party.

[Cited in Burnham v. Rangeley, Case No. 2,176. Kemna v. Brockhaus, 5 Fed. 763. Followed in Morris v. Gilmer, 129 U. S. 329, 9 Sup. Ct. 293.]

[See note to Case No. 2,176.]

At law. This case, although it comes before the court in the form of a rule to show

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

cause why the action should not be dismissed for want of jurisdiction, is connected with that question by an agreement of the counsel, that the finding of the jury, subject to the opinion of the court upon the question of jurisdiction, should be put into the form of a special verdict, and judgment to be entered thereon, as may be decided on this rule, so as to enable either party to sue out a writ of error to the supreme court. The facts stated are, that before and during the war of the Revolution [Pierce Butler], the lessor of the plaintiff was a citizen of the state of South Carolina, where he owned large estates, and resided with his family, until about the year 1791, when he removed, with his family, to Philadelphia, where he has ever since resided. Neither he nor his family have resided in South Carolina since the year 1795 or 1796. He represented that state in congress until the year 1804; since which time he has exercised no public employment under that state. During his residence in this city, and until the year 1812, he was in the habit of making annual visits to his estates in South Carolina; but he has not been to South Carolina from that year to the year 1817, when this suit was brought. A personal tax has been regularly assessed upon the plaintiff in this state; which he has nevertheless always refused to pay. The two witnesses, who proved the above facts, in part depose that from the plaintiff's conversation and other circumstances, they were under a strong impression that Mr. Butler's determination and desire have constantly been to remain a citizen of South Carolina, and that he has been studious so to be regarded. That he once had large possessions in South Carolina, which he has disposed of, except some lots in Charleston. It was contended, in support of the rule, that the acts of the lessor of the plaintiff were conclusive evidence of his change of domicil from South Carolina to this state, which no private intentions or public declarations could disprove. That although citizenship in relation to immunities may not depend upon the fact of residence, and particular franchises, such as the elective, may, and do depend upon the laws of the particular states in which the exercise of them is claimed; yet, as to federal jurisdiction, the right must depend altogether upon permanent residence or domicil, unless in the case of an alien. The case of Cooper v. Galbreath [Case No. 3,193], decided in this court, was relied upon as concluding this case. It was also insisted, that residence is prima facie evidence of domicil, until evidence to rebut the presumption is given on the other side. 2 Bos. & P. 230, note. Against the rule, it was contended, that residence against intention, cannot deprive a man of his rights of citizenship in the state from which he removed, or make him, against his will, a citizen of the state to which he has removed, although his intention should be never to return. This is peculiarly the case,

where the state from which the party removes considers him as a citizen of that state, and as such bestows upon him public employments which none but a citizen could legally exercise. The first position is proved in point of fact by the declarations of the plaintiff, and the legal effect of such intention is decided in the case of Cooper v. Galbreath. The following cases establish the point that citizenship, and not residence, is essential to the exercise of federal jurisdiction; in as much as the allegation of the latter in the declaration is not sufficient to show jurisdiction, although the former is. [Bingham v. Cabot] 3 Dall. [3 U. S.] 382; [Turner v. Enrille] 4 Dall. [4 U. S.] 8; [Abercrombie v. Dupuis] 1 Cranch [5 U. S.] 343; [Wood v. Wagnon] 2 Cranch [6 U. S.] 1; 1 Bin. 351. The counsel also cited 1 Bin. 351. The court stopped the counsel who was about to reply.

Binney and Chauncey, in support of the rule.

Mr. Rawle and C. J. Ingersoll, against it.

WASHINGTON, Circuit Justice. The case of Cooper v. Galbreath [Case No. 3,193] was very ably argued by the counsel upon the point of federal jurisdiction, and was maturely considered by the court. The opinion then given remains unshaken by the argument which we have now heard in opposition to it. With respect to the immunities which the rights of citizenship can confer, the citizen of one state is to be considered as a citizen of each, and every other state in the union. But the privilege of suing in the tribunals of the nation, cannot possibly depend upon the fact of general citizenship, because if it did, the jurisdiction of those tribunals would extend to every case where citizens were parties, since a citizen of Pennsylvania, suing a citizen of the same state, might truly allege that he is himself a citizen of any other state, and that the defendant is a citizen of the state in which the suit is brought. Or, every case, in which citizens are parties, might, by the same course of argument be excluded; since it being equally true that a citizen of New Jersey, who is plaintiff, is also a citizen of Pennsylvania; the Pennsylvania defendant might plead, that the plaintiff and defendant are citizens of the same state. It is plain, therefore, that citizenship, in relation to the federal judiciary, cannot be that which has just been referred to, but must be of that kind which identifies the party with some particular state, of which he is a member. The theory of this provision in the constitution is the danger of partiality in the state tribunals, where the suit is between a member of the political family, where the suit is instituted, and a stranger. Citizens, in reference to federal jurisdiction, are mentioned as in opposition to each other. It is a citizen of one state, and a citizen of another

state in which the suit is brought, which can never be explained by a general citizenship, which confounds all distinction, and admits of no opposition.

The only rational construction of the constitution, in relation to federal jurisdiction, is to limit it to cases where the suit is between the resident citizens of different states, or where an alien is a party. No difficulty has ever existed or could exist where the suit is between the native or factitious citizens of one state, and those of another. But when a removal takes place from one state to another, the question necessarily arises, whether the person, so removing, is a citizen of the state in which he was born, or was naturalized, or of that to which he had removed? As to this matter, we can add nothing to what was said in the case of Cooper v. Galbreath [supra]. The question of law, arising upon the particular facts of each case, must always be, has the person so removing, become incorporated into the new society, so as to be a member of it, in like manner as he was of the political family from which he emigrated? In other words, has he changed his domicil, and become a permanent resident in the state to which he has removed? Mere residence is prima facie evidence of such a change; although, when it is explained, and shown to have been for mere temporary purposes, the presumption is repelled. It is true, that the intention of the party in changing the place of his residence, is a material ingredient in the question of citizenship, as it concerns federal jurisdiction. But this intention is to be collected from the acts, and not from the declarations of the party. If the removal be for the purpose of committing a fraud upon the law, and to enable the party to avail himself of the jurisdiction of the federal courts, and that fact be made out by his acts, the court must pronounce that his removal was not with a bona fide intention of changing his domicil, however frequent and public his declarations to the contrary may have been. If, on the other hand, the sincerity of the removal, for the purpose of permanently residing in the state which the person has selected, be not questioned, and his acts correspond with such purpose, the change of domicil is completed, and the law forces upon him the character of a citizen of the state where he has chosen his domicil; although he may have uniformly declared, as it is contended the lessor of the plaintiff has done, that he nevertheless considered himself as continuing a citizen of South Carolina. It is a conclusion of law upon certain facts, which constitutes him a citizen of the state where he permanently resides; which neither his private intentions, nor his public declarations can alter. Were it otherwise, a door would be opened for the grossest frauds upon the jurisdiction of the federal courts; since a person in the predicament stated might qualify himself to sue, or dis-

qualify himself from being sued in those courts, by declarations, known perhaps only to a few of his friends, though in manifest hostility to open and notorious acts, from which alone the world can judge of his intentions.

As to the cases cited from Cranch, they only prove that the declaration must set forth the jurisdiction of the court, by stating that the parties are citizens of different states. But if this allegation be traversed, the question will still remain to be decided, what constitutes such a citizenship? The declaration, however, need not go farther than to make the general allegation. But it is not sufficient to state that the plaintiff or defendant is of, or resident, or carrying on trade within a particular state; because he may truly be what is asserted, and yet not be a permanent resident, or domiciled citizen of that state. As to the lessor of the plaintiff, if this state be not the place of his domicil, it is impossible that acts can, in any instance, amount to a change of domicil, or of permanent residency. We are clear that the law is against him, and we therefore direct the rule to be made absolute.