## Case No. 2,520.

### CATLIN v. GLADDING.

[4 Mason, 308.][1]

Circuit Court, D. Rhode Island. Nov. Term, 1826.

CIRCUIT COURTS—JURISDICTION—CITIZENSHIP.

A native citizen of Rhode Island, whose father was dead, but whose mother lived on the family estate in Rhode Island, went to New York to reside as a merchant, and there failed, and afterwards returned to his mother's family, and resided there, being unmarried. At the time when the suit was brought he was in a store in Connecticut, acting as a clerk there for his brother. He was sued as a citizen of Rhode Island. There being no proof, that he intended a permanent residence in Connecticut, it was held by the court, upon these facts, that he was a citizen of Rhode Island.

[Cited in Waring v. Clarke, 5 How. (46 U. S.) 481.]

At law. Assumpsit [by John M. Catlin against Samuel Gladding] on a promissory note. Plea to the jurisdiction, that defendant is not a citizen of Rhode Island, as set forth in the writ, and issue thereon. [Judgment for plaintiff.]

At the trial it appeared in evidence, that the defendant was a native citizen of Rhode Island; and that his mother (his father being dead) still resided in Providence, in that state, on the family estate. The defendant

---

[1] [Reported by William P. Mason, Esq.]

is a young, unmarried man, and was in partnership in New York, for some time. His commercial house in New York failed in June last; and upon that failure he returned and resided with his mother at Providence. At the time of the service of the writ, he was engaged as a clerk in the store of his brother in the state of Connecticut. But he made frequent visits to his mother in Providence; and no acts appeared to show any intention of a permanent domicil in Connecticut.

Mr. Searle, for plaintiff.
Richard W. Greene, for defendant.

STORY, Circuit Justice. The opinion of the court is, that the defendant is a citizen of Rhode Island, and that the plea is not maintained. His birth was in that state; the family estate is there, and his mother remains on it. The defendant is unmarried. While he was resident at New York in business, he may be deemed to have acquired a cititzenship there, as he probably intended a permanent domicil. But when the house failed, he gave up his residence in New York, and returned to his mother's family. Under such circumstances he must be presumed to have regained the family domicil, and to have returned to his native allegiance. The native character and domicil easily reverts; and fewer circumstances are necessary to establish it, than that of a foreign domicil. Upon his return from New York, he re-acquired his native citizenship. What evidence is there, that he has since changed it? It does not appear, that he had any intention of becoming a citizen of Connecticut. For aught in the case, his engagement may be merely temporary, until he can get other business, and without any intention of changing his domicil. The case might have been different, if he had had a family, and removed with them into Connecticut. Such an act would afford prima facie evidence of a change of permanent domicil. The judgment must therefore be for the plaintiff. Judgment accordingly.