The inhabitants of WESTBROOK vs. The inhabitants of BOWDOINHAM.

Being taxed in any town for five successive years, does not gain a settlement, if the party during that period has left the town with an intention of never returning; though such intention was changed, and he did in fact return, within the same year.

The assessment of taxes for five successive years, on a person afterwards a pauper, does not estop the town, in a question of settlement, from showing that during part of that period his domicil was in another town.

THE question in this case was upon the settlement of one *Bright*, a pauper. It was admitted that his settlement was once in *Bowdoinham*; but the defendants contended that he had subsequently acquired one in *Westbrook*, by residence, being taxed, and paying taxes there, for five successive years. The taxation and payment, being proved, were relied upon by the defendants as conclusive evidence of his residence in *Westbrook* during the term, which this town was estopped to deny; but the Chief Justice, before whom the cause was tried, overruled this position, and admitted parol testimony to the fact of his domicil. It was then proved that *Bright* came to *Westbrook* early in *April*, 1821, where he lived as a hired workman with one *Torrey*, till *August* 24, 1824; when, being dissatisfied with his wages, he took his trunk, which contained all his property, and left the town; proceeding to *Charlestown* and *Boston*, in Massachusetts, and thence to *New York*. But in *March* or *April* following, he returned to his former employer in *Westbrook*, where he resided ever since. He testified that when he went away

he never intended or expected to return ; that he bid his friends, as he supposed, a final farewell ; but after trying in vain at the above mentioned places to improve his condition, he concluded to return.

Upon this evidence the Chief Justice left the fact of his intentions to the jury ; instructing them that if *Bright*, when he left *Westbrook*, intended never to return, but abandoned the place, then his legal residence there was terminated ; and that he did not again become an inhabitant of that town till his return in the following spring. And the jury found a verdict for the plaintiffs ; which was taken subject to the opinion of the court upon the correctness of those instructions.

*Greenleaf* and *Jewett*, for the defendants, argued that the assessment, being matter of record, ought to estop the party making it ; and to furnish conclusive evidence of settlement, against the town. But if not, yet the statute requiring a residence of five years and payment of taxes, means only such residence as subjects the party to taxation ; intending that every town, which has had the benefit of a man's taxes for five successive years, shall be holden to support him when in want.

If, however, a continuation of the domicil during that term is requisite, here is no evidence to the contrary. For it is laid down in the case of *Doctor Munroe*, 5 *Mad. Ch. Rep.* 379, that " a domicil cannot be lost by mere abandonment. It is not to be defeated *animo* merely, but *animo et facto ;* and necessarily remains until a subsequent domicil be acquired, unless the party die *in itinere* towards an intended domicil." And the learned Chancellor *Kent* is of opinion that the original domicil of the party always continues until he has fairly changed it for another. 2 *Kent's Com.* 346, note *c.*

*Deblois*, for the plaintiffs, cited 2 *Stark.* 1059 ; *Davenport v. Mason*, 15 *Mass.* 85 ; 3 *D. & E.* 474 ; *Rex v. Laindon*, 8 *D. & E.* 379 ; *Billerica v. Chelmsford*, 10 *Mass.* 394 ; *Abington v. Boston*, 4 *Mass.* 312 ; *Granby v. Amherst*, 7 *Mass.* 1 ; *Cambridge v. Charlestown*, 13 *Mass.* 501 ; *Athol v. Watertown*, 7 *Pick.* 42 ; *Putnam v. Johnson*, 14 *Mass.* 488.

The defendants also moved for a new trial, on the ground of newly discovered evidence, not necessary here to be stated.

MELLEN C. J. delivered the opinion of the Court at the ensuing *July* term in *Waldo.*

The jury by their verdict have decided that the pauper gained a settlement in *Bowdoinham,* in virtue of the statute of 1821, *ch.* 122, by his dwelling and having his home in that town on that day ; and under the instructions given them they have also decided that he had never lost that settlement and gained one in *Westbrook* by five years continued residence therein, as was contended at the trial. It was urged, that as it appeared that the pauper had been assessed in *Westbrook* for five successive years after the year 1821, that town was estopped to deny that he was, during all that time, one of its inhabitants ; but we think the Judge very properly overruled that objection ; because, as the assessment of taxes has relation to the first day of *May* annually, and to facts as they then existed, such assessment was not inconsistent with his having, between the first day of *May* in one year, and the first day of *May* in the next year, changed his habitancy and home, and become and continued an inhabitant of another town, eleven months of the intervening year. So that the only question arising on the report, is whether the pauper did, during the five years before-mentioned, dissolve his connexion with the town of *Westbrook,* remove from, and abandon it, with an intention never to return to it. The evidence to prove the fact, and the intention, was submitted to the jury, under the instruction of the Judge that if they believed there had been such removal, with such intention, it terminated his habitancy there ; and that he did not again become an inhabitant of *Westbrook,* until his return to it, eight or nine months after he had left it. We are not dissatisfied with this instruction. Without repeating the facts stated in the report in relation to this point, we are of opinion that the motion for a new trial, founded on those facts and instructions is not sustained. See *Catlin v. Gladding,* 4 *Mason,* 308.

As to the motion at common law, on account of newly discovered evidence, we cannot discern its merits ; a part of it is merely

cumulative ; and comes from a quarter where it might have been found before; it is merely to throw doubts in the way, as to the pauper's intentions in removing. And in respect to the *exparte affidavit* of the pauper touching the question of intention, we can place no reliance upon it. He was a witness on the trial, and was carefully cross-examined, and testified explicitly, as stated in the report. We are all of opinion that there ought to be

*Judgment on the verdict.*