## Case No. 2,176.

BURNHAM et al. v. RANGELEY.

[1 Woodb. & M. 7.][1]

Circuit Court, D. Maine. Oct. 23, 1845.

CIRCUIT COURTS—JURISDICTION—CITIZENSHIP—DOMICILE.

1. Where the complainant in a bill in equity was described as residing in New Hampshire, and the respondent in Maine, where the suit was brought, the bill was dismissed, on the respondent pleading and showing that he had his domicil in Virginia, when the bill was filed.

[Cited in Almy v. Wilbur, Case No. 256; Sumner v. Marcy, Id. 13,609; Matthews v. Lalance & Grosjean Manuf'g Co., 2 Fed. 234.]

See Shute v. Davis, Case No. 12,828; Craig v. Cummins, Id. 3,331; Kelly v. Harding, Id. 7,670.

2. If the respondent owned land in Virginia, which he was cultivating, and residing on with one daughter, and intended to have his family reside on, and did not intend to return to Maine, except to remove his wife and another daughter, he may be regarded as having his domicil in Virginia.

[See note at end of case.]

[Cited in U. S. v. Reindeer, Case No. 16,145; Kemna v. Brockhaus, 5 Fed. 764.]

[See Read v. Bertrand, Case No. 11,601.]

3. It is not necessary to such domicil, that the party have obtained a right to vote, or hold office.

[See note at end of case.]

4. If a party has two places of residence, he may elect which shall be his domicil.

[See note at end of case.]

5. The residence of the wife is in subordination to that of the husband.

[See note at end of case.]

6. A former domicil is presumed to continue till the party shows clearly a new one.

[See note at end of case.]

[Cited in U. S. v. Reindeer, Case No. 16,145.]

7. The declarations of a party as to his intentions in changing his residence are competent evidence for him in connection with his acts.

[See note at end of case.]

[Cited in Hovey v. Stevens, Case No. 6,745.]

This was a bill in equity, in which the complainants [Daniel Burnham and another] were described as citizens of New Hampshire, and the respondent [James Rangeley] as a citizen of Maine. The bill was filed, and the subpoena served September 26, 1843. The respondent pleaded, that he was not a citizen of Maine at the time the bill was filed, but was then, and since, a citizen of the state of Virginia. On this, issue was joined, and certain facts proved or admitted which will be given in the opinion of the court. [Bill dismissed.]

Howard and Shapley, for complainants.

C. S. & E. Davies and Longfellow and Preble, for respondent.

WOODBURY, Circuit Justice. The question presented here, affects the jurisdiction of this court over the bill. By the act of congress passed 24th September, 1789 (chap-

[1] [Reported by Charles L. Woodbury, Esq., and George Minot, Esq.]

ter 20, § 11), jurisdiction is not given to us in this case, unless "the suit is between a citizen of the state where the suit is brought, and a citizen of another state." 1 Stat. 78. Neither of the parties, when the writ was sued out, or since, is pretended to have belonged to the state of Maine, where the suit is brought, unless it be the respondent. The issue is, whether he, at that time, viz., September 26, 1843, was a citizen of the state of Maine. If he was, further proceedings under the bill can be sustained; but if he was not, our authority to sustain them fails, and the bill must be dismissed for want of jurisdiction.

The facts seem to be clear, from the evidence in the case, that the respondent, prior to 1842, had been a citizen of the state of Maine, for several years. He appears to have had no near relatives in this country, except a wife and two daughters, who resided with him in Maine, and two sons, who were settled in Virginia. He appears also to have owned land in the latter state, and to have considered the climate as more favorable to his health than that of Maine. Under these circumstances, in July, 1842, he went to Virginia, for the purpose of erecting buildings on his land there, with a view to a permanent residence in that state; but upon his arrival, finding another tract with buildings already erected thereon, situated near his sons, he purchased the same, and returned to Maine to adjust his affairs and remove his family. In October, 1842, he sent to Virginia a part of his household furniture, took with him one of his daughters, and removed to the plantation he had there bought; and did this with the avowed view of making it his permanent home. He proceeded to repair the buildings, and make large additions to them, so as better to accommodate all his family; commenced improvements on his land, by ploughing, fencing, and planting fruit treees; purchased more furniture and tools, stock, and laborers; and proposed to send for his wife and other daughter, in Maine, in the spring of 1843. But as the wife was unwilling to go, except with him personally, and he had not leisure conveniently to return for her till September, 1843, he then came to Maine, sold the residue of his furniture there, September 28, 1843, and the next day took passage for Virginia, with his wife and other daughter. Some of these intentions were proved by his own declarations, accompanying a part of the acts before named, and made previous to any service of the subpoena in this case. Though objected to as not competent evidence, we are satisfied that under such circumstances they must be regarded as a part of the res gestae, and clearly admissible in explanation of acts, showing the object in view in the latter, and thus affecting the question of domicil. See Stansbury v. Arkwright, 5 Car. & P. 575; Thorndike v. Boston, 1 Metc. [Mass.] 242, 247; Kilburn v. Bennett, 3 Metc. [Mass.] 199; Marsh v. Meager, 1 Starkie, N. P. 353;

1 Greenl. Ev. 108; Newman v. Stretch, 1 Moody & M. 338; Harvard College v. Gore, 5 Pick. 370, 374. Semble, contra, Butler v. Farnsworth [Case No. 2,240]. The domicil is to be changed by acts and intents united. The Venus, 8 Cranch [12 U. S.] 253, 278; Vatt. Law Nat. 92; 5 Greenl. 145; Bruce v. Bruce, 2 Bos. & P. 229, note. Not, I admit, by merely declaring intentions alone. But here are both declarations and acts, and both co-operating and in most respects consistent.

The whole question of domicil is usually dependent on the intent of the party, though that is to be collected or inferred from acts as well as declarations. The acts are chiefly important as showing the intent. It is manifest, then, that, from competent evidence, that the respondent, as early as October, had good reasons for changing his residence from the state of Maine to Virginia;—that he had come to the determination to change it bonâ fide and permanently, and that, under that determination, he then removed a portion of his family and furniture to the latter state; and has continued to reside there since on his plantation, making valuable improvements, showing animum manendi in various ways; and neither by acts nor words, evincing animum revertendi, or any intent to return to Maine to reside, except the remaining of his wife and one daughter behind him in the state of Maine, occupying a house of his not sold till January, 1843, and using some of his furniture there. This unexplained, would conflict with and impair the force of the other circumstances; but it is clearly shown that those persons were left behind only till further repairs were made to the house in Virginia—and these last, being completed, they were to join him in the ensuing spring; and that, being unwilling to go except in his company, they did not leave Maine till he came for them in September, 1843. He then returned to this state, it is true, but not with a view of resuming his residence in Maine. It was directly the reverse. Nor did he return on account of his not having terminated that residence the previous year, but because he had terminated it, and wished to remove to his new domicil those, to whom it was not convenient or agreeable to join him there earlier. Leaving one's family behind, and especially only a part of them, does not, under such circumstances, however different it might be under others, prevent the domicil from being changed. Cambridge v. Charlestown, 13 Mass. 501. So a temporary return to one's family at a former place of residence, with views and for objects merely temporary, does not revive a former citizenship. The Friendschaft, 3 Wheat. [16 U. S.] 14, 4 Pet. Cond. R. 109. It does not, even if the party resides there during winter with his family and dies there. Harvard College v. Gore, 5 Pick. 370, 374. It is a general rule, likewise, that the wife follows the settlement and citizenship of the husband. Story, Confl. Laws, § 46. Her

residence is also in subordination to his; though, as before intimated, having an influence on his at times, if different, and if the cause of the difference is not explained consistently with his permanent removal elsewhere. 7 Greenl. 501, Append. But here it is explained, and is not at all inconsistent with the position of his having changed his abode permanently. Again, it is conceded to be a sound principle, that being once a citizen of Maine, the burden of proof is on the respondent to show a change in his domicil. Kilburn v. Bennett, 3 Metc. [Mass.] 199, 201. But this he has attempted and satisfactorily. Again, if the respondent was regarded in September, 1843, as having two places of abode, leaving it in some degree doubtful which was intended as the permanent one, he is at liberty to select and treat either as his domicil, as he has in this case treated Virginia. Story, Confl. Laws, § 46; 5 Ves. 750, 788; 5 Pick. 370.

There seems, then, to be no other objection to the application of the following well settled principles to the facts in this action. First. That where a person removes from one place to another, with the intent to make the latter his permanent abode, his domicil is to be regarded as immediately changed. The Venus, 8 Cranch [12 U. S.] 253, 278; U. S. v. The Penelope [Case No. 16,024]; Story, Confl. Laws, § 46; The Ann Green [Case No. 414]; 3 C. Rob. Adm. 12; 5 C. Rob. Adm. 60, 233. Justice Story said in The Ann Green [supra]: "Even the shortest residence, if with the design of a permanent settlement, stamps the party with a national character." That was a new residence after a removal. Second. Such a change at once affects the jurisdiction of the United States courts. Case v. Clarke [Case No. 2,490]; Gassies v. Ballon, 6 Pet. [31 U. S.] 761; Cooper v. Galbraith, [Case No. 3,193]; Catlett v. Pacific Ins. Co. [Id. 2,517]. The person altering his domicil to another place, is a citizen within the meaning of the act of congress as to suing or being sued in this court, whether he is yet allowed to vote and to hold office or not in the state of his new domicil. Catlett v. Pacific Ins. Co. [supra]. It follows, then, that as for the purposes of jurisdiction in this court, a permanent residence generally constitutes citizenship, and controls our proceedings, and, as before the filing of the bill in this case, we are satisfied that the respondent had removed to Virginia with a view to make it his permanent abode, he was not at that time a citizen of Maine. Bill dismissed for want of jurisdiction.

[NOTE. For denial of respondent's motion for costs, see Case No. 2,177, following.]

[NOTE. Every person has a legal domicile. Desmare v. U. S., 93 U. S. 605. It is defined to be residence coupled with an intention to remain an unlimited time. White v. Brown, Case No. 17,538; Doyle v. Clark, Id. 4,053; Harris v. Firth, Id. 6,120; Ewing v. Blight, Id. 4,589;

Ex parte Kenyon, Id. 7,720. The Venus, 8 Cranch (12 U. S.) 253; Ennis v. Smith, 14 How. (55 U. S.) 400; Johnson v. 21 Bales, etc., Case No. 7,417; Levy's Case, Elect. Cas. 41; U. S. v. The Penelope, Case No. 16,024; Mitchell v. U. S., 21 Wall. (88 U. S.) 350; In re Green, 5 Fed. 148; Butler v. Hopper, Case No. 2,241; Prentiss v. Barton, Id. 11,384; Case v. Clarke, Id. 2,490; U. S. v. Thorpe, Id. 16,494; Butler v. Hopper, Id. 2,241; Woodworth v. St. Paul, etc., Ry. Co., 18 Fed. 282. There can be but one. Brent v. Armfield, Case No. 1,833. Continues until another is acquired. Desmare v. U. S., supra; Ennis v. Smith, supra; Powers v. Mortee, Case No. 11,362; Stoughton v. Hill, Id. 13,501; Quigley v. U. S., 13 Ct. Cl. 368. Will be presumed from residence. Ennis v. Smith, supra; Mitchell v. U. S., supra; Rogers v. The Amado, Case No. 12,005; Lee v. Simonds, 1 Or. 158. Declarations and acts are admissible to qualify and explain the character of the residence. Tobin v. Walkinshaw, Case No. 14,070. In the absence of express declarations of intention, the acts of the party may be considered in determining the secret intention. The Venus, supra; Ewing v. Blight, supra; Ennis v. Smith, supra; Butler v. Farnsworth, Case No. 2,240. Mere temporary absence for purposes of business will not work a change. Catlin v. Gladding, Id. 2,520; The Ann Green, Id. 414. Nor is the domicile changed by voting in a state in which the party is sojourning. Clarke v. Washington Territory, 1 Wash. T. 68; Cooper v. Falbraith, Case No. 3,193. See Blair v. Western Seminary. Id. 1,486. The question of domicile is a mixed one of law and fact. Pennsylvania v. Ravenel, 21 How. (62 U. S.) 103. But see Lee v. Simonds. supra. The place of birth, if it be the domicile of the parents, is the domicile of origin. Powers v. Mortee, supra; Prentiss v. Barton, supra; Levy's Case, supra; Sprague v. Litherberry, Case No. 13,251; Woolridge v. McKenna, 8 Fed. 650. Is not lost by long residence abroad, although there is a doubt of an intention to return. White v. Brown, supra. By return to the domicile of origin with intention to reacquire it, the original domicile reverts. Johnson v. 21 Bales, etc., supra; Catlin v. Gladding, supra; The Dos Hermanos, 2 Wheat. (15 U. S.) 76; In re Walker, Case No. 17,061; Prentiss v. Barton, supra; The Frances, 8 Cranch (12 U. S.) 335. Is not lost by a forced exile. Ennis v. Smith, supra. But it does not revert by a return for temporary purposes. The Friendschaft, 3 Wheat. (16 U. S.) 14. The domicile of the wife is that of her husband. Oglesby v. Sillom. 9 Fed. 860. But see Cheever v. Wilson, 9 Wall. (76 U. S.) 108. A divorced wife may acquire a domicile. Barber v. Barber, 21 How. (62 U. S.) 582; Bennett v. Bennett, Case No. 1,318. And see as to soldiers and sailors, In re Green, supra.]