### Case No. 17,060.

#### In re WALKER.

[1 Lowell, 222; [1] 1 N. B. R. 318 (Quarto, 60).]

District Court, D. Massachusetts. Feb., 1868.

BANKRUPTCY—IMPRISONED DEBTOR—RELEASE.

The bankrupt act [of 1867 (14 Stat. 517)], § 26, does not relieve from arrest one who is already in custody at the time his petition in bankruptcy is filed.

[Cited in Hussey v. Danforth, 77 Me. 20.]

This petition for a writ of habeas corpus set out that the petitioner [William A. Walker], was arrested on mesne process at the suit of a creditor, in January last, and became bankrupt on the first day of February, but was still held in custody by the sheriff, and prayed for his discharge under section 26 of the act.

### Case No. 17,061.

#### In re WALKER.

[1 Lowell, 237; [1] 1 N. B. R. 386 (Quarto, 90); 1 Am. Law T. Rep. Bankr. 38.]

District Court, D. Massachusetts. March, 1868.

BANKRUPTCY—DOMICILE OF BANKRUPT.

Where a bankrupt born in Boston, became domiciled in California, but left that state with no intention of returning, and after staying without the limits of the United States several months, returned to Boston, and in less than two months thereafter filed his petition in bankruptcy, *held*, that the act of leaving California with no intention of returning, at once revived

---

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

the domicile of origin, and his petition to be adjudged bankrupt was rightly filed in Massachusetts.

[Cited in Hazelton v. Valentine, Case No. 6,-287; Re Thomas, Id. 13.891; Re Bergeron, Id. 1,342. Distinguished in Fogarty v. Gerrity, Id. 4,895. Cited in Allen v. Thompson, 10 Fed. 123.]

[In the matter of William S. Walker, a bankrupt.]

C. S. Lincoln, for petitioner.
A. W. Boardman, for bankrupt.

LOWELL, District Judge. A creditor petitions to vacate all proceedings in this cause for want of jurisdiction, averring that the bankrupt had not resided in this district for the greater part of the six months next preceding the filing of his petition, as alleged by him and required by law. The adjudication of bankruptcy by the register, being ex parte, is not conclusive of this point, and this mode of reviewing it has not been objected to.

The petition to vacate was by consent referred to the register, Mr. Rogers, who has heard the parties and reported his findings of law and fact, together with the evidence; and neither party has desired to be heard in argument. The law wisely provides that proceedings in bankruptcy should be taken in the place where the debtor resides or has his place of business; and to prevent sudden and fraudulent changes, that if he has had two such homes within six months, he must proceed in the district where he has been domiciled the longest. It is not always an easy matter to determine where a person does, in legal contemplation, reside. Mere casual absence for business or pleasure will not change the domicile, though it may change the place of business; and one whose domicile is here may institute proceedings here, though he may have been staying in another district during the whole of the six months. When a person has been trading and travelling in several parts of the world, as has this debtor, the question is often one of delicacy and difficulty. In the present case it is complicated by a serious conflict of evidence. No question arises concerning the place of business, because he had none within the United States during any part of the six months.

The bankrupt, who is unmarried, was born in Boston, and has lived here for the greater part of his life. There is a house here, that of some near relative, as I suppose, where he usually stays. During some years he traded in several of the western states, and the register finds the weight of evidence to be that he was domiciled in California a part of the time, including September, 1866. He left that state in November, 1866, and swears that he had no intention ever to return thither, and that he left no property, business, or connections there; he was next in Paris and France for about eleven months, and left

that country for Boston in November, 1867, and arrived here on the eleventh of December; he was arrested early in January at the suit of this petitioner, and has been imprisoned ever since. On the twenty-ninth of January he filed his petition in bankruptcy. The register finds that he came to Boston intending to remain; he reports in favor of the jurisdiction, on the ground that the debtor resided in Boston for the longest period of the six months that he had any actual residence anywhere. I affirm the report, though not for the precise reason given by the register. If Walker was domiciled in California until the eleventh of December, he cannot, whatever the hardship of his case, become bankrupt in Massachusetts on the twenty-ninth day of January; a construction of the word "resided," which makes it mean only personal presence, is inconsistent with the statute and the reasons of it; but upon the evidence and the finding, he must be considered as domiciled here from November 19, 1866, the day on which he sailed from San Francisco, to this time. The general rule is, that a domicile once acquired remains until a removal has been effected to some other place with intent to remain there. But there is an important exception in favor of the native domicile, by which a mere removal from the new or acquired home, with intent to return to that of origin, revives the latter, eo instanti. Story, Confl. Laws, § 47; The Venus, 8 Cranch [12 U. S.] 253; The Indian Chief, 3 C. Rob. Adm. 12. Of course the abandonment of the acquired domicile must be absolute and final. Craigie v. Lewin, 3 Curt. Ed. 435; but if it be so, the domicile of origin revives. It is of no consequence that the return home is not immediate or by the shortest road. If the fact of a final abandonment of the new, and the intent to return to the old concur, the domicile is changed from the time that the new is actually left. See the case of Mr. Curtissos, cited 3 C. Rob. Adm. 21, note a, who staid four years in Holland, the enemy's country, on his return from Dutch colonies, but whose property was restored on the ground that his English domicile revived when he left the Dutch colony. Mr. Westlake states this exception with some hesitation, but finds it supported by authority. Westlake, Priv. Int. Law, p. 39, § 40. So, in this case, the return by the way of France, and the stay of eleven months there for a temporary purpose, does not prevent the operation of this principle. The weight of the evidence is that Walker never intended to return to San Francisco, but left that city intending to resume his home here, which indeed he says he had never given up; but upon this point I follow the register, who saw the witnesses. I must conclude that the debtor was a resident of Boston, in the sense of the bankrupt law, during the whole of the six months next preceding the filing of his petition.

Petition to vacate proceedings dismissed.