DONALDSON ET AL. *v.* STATE, EX REL. TAYLOR,
ATTORNEY - GENERAL.

[No. 19,798.   Filed June 8, 1906.   Rehearing denied December
20, 1906.]

1.   ALIENS.—*Residence.*—*Presumptions.*—The propositions that
(1) a man is domiciled where found, unless shown to be there
for a temporary purpose; (2) a stronger presumption exists
that a man is domiciled where he dies; (3) an alien's original
domicile instantly reverts upon his return thereto, and (4)
the original domicile prevails in cases of doubt, are disputable
presumptions of fact only and not of law.   p. 555.

2.   TRIAL.—*Special Findings.*—*Aider by Presumptions.*—*Failure
to Find Material Fact.*—A special finding cannot be aided by
presumptions, inferences or intendments; and a failure to
find a material fact is a finding against the party having the
burden of proof.   p. 557.

3.   SAME. — *Special Findings.*—*Aliens.*—*Domicile.*—A special
finding showing that decedent was born in Scotland in 1811,
removed to United States in 1860, became a resident of Indiana
in 1865, remained there until 1883 when he became a resident
of Alabama, returned to Scotland in 1896 and died there in
1898, is not a finding that decedent was a resident of Scotland
at the time of his death.   p. 558.

4.   APPEAL AND ERROR.—*Theory of Trial Court.*—*Abandonment
of, on Appeal.*—The parties to a cause on appeal will be held
to the theory upon which the caused was tried below.   p. 558.

5.   SAME.—*Reversal.*—*When New Trial Ordered.*—Where jus-
tice requires, a new trial will be ordered, though appellant may
be technically entitled to judgment on the special findings.
p. 558.

From Lawrence Circuit Court; *William H. Martin,*
Judge.

Action by the State of Indiana, on the relation of Wil-
liam L. Taylor, as Attorney-General, against James Don-
aldson and others.   From a judgment for plaintiff, defend-
ant appeals.   *Reversed.*

*Baker & Daniels,* for appellants.

*Charles W. Miller,* Attorney-General, *C. C. Hadley, L. G. Rothschild, W. C. Geake, Rowland Evans, Merrill Moores* and *Brooks & Brooks,* for the State.

Monks, J.—This action was brought by the State against appellants and others to have certain real estate in Lawrence county adjudged the property of the State, on the ground that the same had escheated to the State, said defendants claiming to own said real estate as the heirs of George Donaldson, deceased. The court made a special finding of facts and stated conclusions of law thereon, upon which judgment was rendered in favor of the State.

The errors assigned call in question the first and third conclusions of law. It appears from the record that in 1861 George Donaldson, then fifty years of age, a bachelor who never afterwards married, a native of Scotland and until his death on September 17, 1898, a subject of Queen Victoria, emigrated to the United States and became at once, and remained until his return to Scotland in the year 1896, a *bona fide* resident of the United States. The tracts of land in controversy were conveyed to him by deeds of warranty in the years 1865 and 1876. He became and remained a *bona fide* resident of Lawrence county, Indiana, from September, 1865, until in 1883, when he removed to the state of Alabama, of which he was a *bona fide* resident until he returned to Scotland in the year 1896, where he remained the rest of his life. He did not, at any time, declare his intention to become a citizen of the United States conformable to the acts of congress. He died intestate, leaving as his next of kin appellants, who are descendants of his brothers and sisters, all of whom were at the time of said George Donaldson's death, and ever since have been, residents of Scotland and subjects of the Queen of Great Britain and Ireland.

It was the theory of the State in the trial court, as shown by the record, that when George Donaldson returned to Scotland in 1896 he became a resident thereof, and con-

tinued to be such resident until his death in 1898. Appellants question the sufficiency of the court's finding to sustain this theory. The finding on this subject is as follows: "4. The George Donaldson mentioned in the complaint, cross-complaint, and other pleadings in this case, was born in Scotland, in the United Kingdom of Great Britain and Ireland, in the year 1811, and died on September 17, 1898, at the Maidens, Ayrshire, Scotland, in said kingdom. Said George Donaldson was, during his entire life, a subject of the monarch of said kingdom, and did not at any time declare his intention to become nor did he become a citizen of the United States conformably to the acts of congress applicable to that subject. 5. Said George Donaldson, late in the year 1860, or early in the year 1861, emigrated from Scotland to the United States, and at once became a *bona fide* resident of the United States, and so continued to be until the year 1896, when he returned to Scotland, where, soon becoming sick, he remained until his death. In the month of September, 1865, or earlier in that year, and before September 19, 1865, said George Donaldson became a *bona fide* resident of Lawrence county, in the State of Indiana, and so remained until some time in the year 1883, when he removed his residence to the state of Alabama, in the United States of America, where he was a *bona fide* resident until he so returned to Scotland, in the year 1896, whether with intent to return to the United States is not known."

The State insists that upon said fourth and fifth findings of fact, "the conclusion of law arises that George Donaldson died a resident of Scotland, for the reasons: (1) A man is presumed to be domiciled where he is found, unless he is shown to be there for some temporary purposes. (2) A stronger presumption exists that a man is domiciled where he dies. (3) On the return of an alien to his domicile of origin his original domicile instantly reverts. (4) In doubtful cases the orginal domicile is con-

sidered the true one." Citing, Dicey, Conflict of Laws (Am. ed.), pp. 132, 133; *The Bernon* (1798), 1 C. Rob. (Adm.) 102, 104; *Kennedy* v. *Ryall* (1876), 67 N. Y. 379, 386; *Ryall* v. *Kennedy* (1876), 40 N. Y. Super. 347, 361; *March* v. *Hutchinson* (1800), 2 Bos. & Pul. 226, note; *Rogers* v. *Mexican Schooner Amado* (1847), Newb. (Adm.) 400, Fed. Cas. No. 12,005; *Lessee of Butler* v. *Farnsworth* (1821), 4 Wash. C. C. 101, Fed. Cas. No. 2,240; *Elbers* v. *United Insurance Co.* (1819), 16 Johns. 128, 133; *Bradstreet* v. *Bradstreet* (1889), 18 D. C. (7 Mackey) 229; *Clough* v. *Kyne* (1891), 40 Ill. App. 234, 236; *Ennis* v. *Smith* (1852), 14 How. 399, 423, 14 L. Ed. 472; *Anderson* v. *Watt* (1891), 138 U. S. 694, 706, 34 L. Ed. 1078, 11 Sup. Ct. 449; *United States* v. *Chong Sam* (1891), 47 Fed. 878, 886; *Greenfield* v. *Camden* (1882), 74 Me. 56, 64; *Liscombe* v. *New Jersey R., etc., Co.* (1872), 6 Lans. 75, 77; *Horne* v. *Horne* (1848), 31 N. C. 99, 108; *Kellar* v. *Baird* (1871), 61 Tenn. 39, 46; *Venable* v. *Paulding* (1873), 19 Minn. 488, 495; *Mowry* v. *Latham* (1891), 17 R. I. 480, 481, 23 Atl. 13; *Guier* v. *O'Daniel* (1808), 1 Binn. 349, 351, 1 Am. Lead. Cas. (Hare & Wallace) *733, *734, *753; *Haskins* v. *Matthews* (1856), 8 DeG., M. & G. 13, 26, 35 Eng. L. & Eq. 532, 540; *Haldane* v. *Eckford* (1869), L. R. 8 Eq. 631, 641; *Johnstone* v. *Beattie* (1843), 10 Clark & F. 42, 138; Wharton, Conflict of Laws (2d ed.), §55a; 1 Wharton, Conflict of Laws (3d ed.), §55½, and cases cited; *Attorney-General* v. *Winans* (1901), 85 Law T. (N. S.) 508, 65 Just. P. 819; *Tracy* v. *Tracy* (1901), 62 N. J. Eq. 807, 48 Atl. 533; *Hairston* v. *Hairston* (1854), 27 Miss. 704, 61 Am. Dec. 530; *Hindman's Appeal* (1877), 85 Pa. St. 466, 468; *Anderson* v. *Laneuville* (1854), 9 Moore P. C. 325, 334; *President, etc.,* v. *Drummond* (1864), 33 Beav. 449, 452, 33 L. J. Eq. (N. S.) 501, 503; *King* v. *United States* (1892), 27 Ct. of Cl. 529, 533; *Reed's Appeal* (1872), 71 Pa. St. 378; *In re Bruce* (1832), 2 Tyr. 475,

486, 2 C. & J. 437; *King* v. *Foxwell* (1876), L. R. 3 Ch. Div. 518, 521; *Capdevielle* v. *Capdevielle* (1870), 21 Law T. (N. S.) 660, 18 Wk. Rep. 107; *White* v. *Brown* (1848), 1 Wall. Jr. 217, 265, Fed. Cas. No. 17,538; *Charles Green's Son* v. *Salas* (1887), 31 Fed. 106, 112; *First Nat. Bank* v. *Balcom* (1868), 35 Conn. 351, 357; *In the Matter of Wrigley* (1831), 8 Wend. 134, 140; *Sheldon* v. *Forsman* (1899), 17 Lanc. L. Rev. 85, 87, 14 York Leg. Reg. 102; *Marks* v. *Marks* (1896), 75 Fed. 321, 329; *La Virginie* (1804), 5 C. Rob. (Adm.) 98, 99; *The Ann Green* (1812), 1 Gall. 274, 286, Fed. Cas. No. 415; *Catlin* v. *Gladding* (1826), 4 Mason 308, Fed. Cas. No. 2,520; *Prentiss* v. *Barton* (1819), 1 Brock. 389, Fed. Cas. No. 11,384; *Hallett* v. *Bassett* (1868), 100 Mass. 167, 170; *Lord* v. *Colvin* (1859), 4 Drew. 366, 422; *The Venus* (1814), 8 Cranch 253, 280, 3 L. Ed. 553; *In re Walker* (1868), 1 Low. 237, 238, Fed. Cas. No. 17,061; *Burnham* v. *Rangeley* (1845), 1 Woodb. & M. 7, Fed. Cas. No. 2,176; *State* v. *Hallet* (1845), 8 Ala. 159, 161; *Miller's Estate* (1832), 3 Rawle 312, 319, 24 Am. Dec. 345; *Udny* v. *Udny* (1869), 2 Paterson 1677, 1683, L. R. 1 H. L. Sc. 441; *Munro* v. *Munro* (1840), 7 Cl. & F. 842, 876; *Colville* v. *Lauder* (1800), 34 Dictionary of Decisions, p. 14,964; *The Indian Chief* (1801), 3 C. Rob. (Adm.) 12, 17; *Goods of West* (1860), 6 Jur. (N. S.) 831; *Price* v. *Price* (1893), 156 Pa. St. 617, 27 Atl. 291. The authorities cited do not sustain the contention of appellee that said presumptions are presumptions of law, but hold that they are presumptions of fact, or, as some of them state, *"prima facie"* evidence thereof.

It is settled in this State that nothing can be added to a special finding by presumption, inference, or intendment, and that where a special finding is silent upon a material point it is deemed to be found against the one who has the burden of proof. *Cleveland, etc., R. Co.* v. *Moneyhun* (1896), 146 Ind. 147, 153, 34 L. R.

A. 141, and cases cited; *Craig* v. *Bennett* (1897), 146 Ind. 574, 575, and cases cited; *Crowder* v. *Riggs* (1899), 153 Ind. 158, 162; *Bradway* v. *Groenendyke* (1899), 153 Ind. 508, 512; *Citizens State Bank* v. *Julian* (1900), 153 Ind. 655, 676; *Erwin* v. *Central Union Tel. Co.* (1897), 148 Ind. 365, 371; *Hill* v. *Swihart* (1897), 148 Ind. 319, 323; *Archibald* v. *Long* (1896), 144 Ind. 451, 454, 455; *Brunson* v. *Henry* (1898), 152 Ind. 310, 314.

There is no finding that said Donaldson was at the time of his death a resident of Scotland, and under the rule in this State, as we have shown, we have no authority to infer or presume as a fact, from the facts found by the trial court, that he was, even though the trial court might or should have done so. There is much argument to the effect that without such finding, under the law in force at the death of Donaldson, the conclusions of law should be sustained and the judgment affirmed, but we have not considered such argument and the questions presented thereby, as this would permit the abandonment of the theory upon which the cause was tried and determined, which cannot be done under the familiar rule that the theory upon which the case was tried must be adhered to on appeal.

By express provision of the statute this court is authorized to order a new trial when the justice of the case requires it (§672 Burns 1901, §660 R. S. 1881 and Horner 1901), and this power has often been exercised. *McCoy* v. *Kokomo R., etc., Co.* (1902), 158 Ind. 662, 667, and cases cited; *Buchanan* v. *Milligan* (1886), 108 Ind. 433, and cases cited; *Stewart* v. *Patrick* (1892), 5 Ind. App. 50, 58, and cases cited. We think such an order should be made in this case.

Judgment reversed, with instructions to grant a new trial, with leave to amend pleadings if desired.