No. 12,721.

STIX ET AL. *v.* SADLER ET AL.

VOLUNTARY ASSIGNMENT.—*Sale of Mortgaged Property.*—*Enforcement of Mort-
gage Against Proceeds.*—Section 2674, R. S. 1881, concerning voluntary
assignments, is not applicable to a complaint by a mortgagee seeking
to enforce his mortgage against the proceeds of a sale of the mortgaged
property.

SAME.—*Sale by Assignee.*—*Payment of Lien.*—*Contract.*—The creditors of a
debtor who has made an assignment for the benefit of his creditors can

Stix *et al. v.* Sadler *et al.*

not, to the injury of the mortgagee, repudiate a contract made by the assignee with the holder of a chattel mortgage to sell the mortgaged property and apply the proceeds to the payment of the lien.

SAME.—*Preference of Creditor.—Chattel Mortgage.*—A debtor may in good faith prefer a creditor, and a chattel mortgage executed five days prior to a deed of assignment will be upheld in the absence of a showing of fraud.

TRIAL.—*By Court.—Suit to Set Aside a Mortgage.*—A suit to set aside a mortgage is of equitable cognizance, and triable by the court.

SPECIAL FINDING.—*Facts Not Found.—Presumption.*—Facts not stated in a special finding are presumed, as against the party having the burden of proof, not to exist.

SAME.—*Fraud.—Chattel Mortgage.*—Fraud is a question of fact, and must be found as such. · It is not enough to justify a judgment in favor of one who attacks a chattel mortgage on the ground of fraud that some of the circumstances recited in the special finding might be deemed evidences of fraud.

DEMAND.—*When Not Necessary.*—A party who is brought into court at the suit of another is excused from making a demand which might be required if he were the moving party.

From the Lawrence Circuit Court.

*M. F. Dunn* and *G. G. Dunn,* for appellants.

*G. W. Friedley, E. D. Pearson, A. G. Cavins, E. H. C. Cavins* and *W. L. Cavins,* for appellees.

ELLIOTT, C. J.—The creditors of Samuel C. Sadler brought this suit to set aside a chattel mortgage executed by him to · his wife, Sarah Q. Sadler. The mortgage was executed, as appears from the allegations of the appellants' complaint, five days prior to the execution of a deed of general assignment by Samuel C. Sadler to William H. Martin for the benefit of the assignor's creditors. It is charged that the mortgage was executed without consideration and for the purpose of defrauding the creditors of the mortgagor.

The second paragraph of Mrs. Sadler's answer alleges that the mortgage was executed to secure a debt of twenty-two hundred dollars due her from her husband, and that it was executed in good faith, and that the assignment to Martin was made subject to the lien created by it.

This answer is certainly good, although, in view of the fact that the general denial was filed, it may have been unneces-.sary. It is too clear to require discussion that, if the mortgage was executed in good faith and upon a sufficient consideration, it can not be set aside by the creditors on the ground of fraud.

The cross complaint sets forth the mortgage, states the consideration for which it was executed, shows that the debt due her is unpaid, and avers that William H. Martin, the assignee of the mortgagor, "for the purpose of executing his trust and to the end that the property might bring the best price, solicited her to permit him to sell the property; that she assented; that he did sell the property for the sum of $4,650." The prayer is that the mortgage lien of the cross complainant may be transferred to the proceeds of the sale of the mortgaged property.

The chief ground taken in support of the assault upon the cross complaint is, that it is bad because it does not aver that the mortgagee had taken some steps to enforce the lien of her mortgage. The basis of the argument is asserted to be in the provision of the statute concerning voluntary assignments, which reads thus: "Before the holder of any lien or encumbrance shall be entitled to receive any portion of his debt out of the general fund, he shall proceed to enforce payment of his debt, by sale or otherwise, of the property on which such lien or encumbrance exists." R. S. 1881, section 2674. This provision of the statute, it is obvious, does not apply to the case before us, for here the mortgagee is not seeking payment of the mortgage debt out of the general fund. The cross complainant does not ask that any part of the general fund be appropriated to the payment of her debt, but asks only that the mortgage be enforced against the proceeds of the sale of the mortgaged property, so that the provision of the statute quoted is totally irrelevant.

The third paragraph of the answer to the cross complaint is founded on an agreement between the assignee and the

mortgagee, wherein the former agreed to sell the mortgaged property and account to the latter for the proceeds of the sale. We perceive no taint of wrong or illegality in such an agreement. The assignee, as the representative of the creditors, might, as it appears he did, regard it for the interests of the creditors to himself sell the property and apply the proceeds to the payment of the lien, and in assenting to his desire in that particular, the mortgagee did not lose her mortgage security. At all events, her assent did not deprive her of the benefit of her mortgage. It seems too clear to require discussion that the creditors can not take advantage of their representative's promise and destroy the mortgage. He stands as their representative, and they can not, by repudiating his contract, get the avails of a sale which he had promised to pay to the mortgagee who had given him authority to sell the mortgaged property.

If it were granted that the assignee failed in his duty by omitting to petition the court to sell the property, it would by no means follow that the mortgagee must lose her security. If the representative of the creditors caused them loss by a breach of duty, their recourse would be against him and his sureties, for they can not, by repudiating his contract, entail loss upon the mortgagee who trusted him. But it does not appear that any loss resulted from the act of the assignee in selling the property; for aught that appears, it was the best course that could have been taken.

A suit to set aside a mortgage is of equitable cognizance, and in this instance there was no error in refusing a trial by jury. *Hendricks* v. *Frank*, 86 Ind. 278; *Evans* v. *Nealis*, 87 Ind. 262; *Quarl* v. *Abbett*, 102 Ind. 233, see p. 243.

In arguing the questions which counsel conceive arise on the special finding, much time is devoted to the question of fraud, it being assumed that there was a fraudulent purpose on the part of the mortgagor and mortgagee. This argument is built on a false basis, for, where there is no motion

for a new trial, the facts stated in the special finding are assumed to be true, and assuming the facts to be true no fraud existed. This follows from the familiar rule, that facts not stated in a special finding are presumed not to exist as against the party having the burden of proof. *Vinton* v. *Baldwin*, 95 Ind. 433, and cases cited; *Mitchell* v. *Colglazier*, 106 Ind. 464; *Cincinnati, etc., R. W. Co.* v. *Gaines*, 104 Ind. 526; *Kurtz* v. *Carr*, 105 Ind. 574; *Rice* v. *City of Evansville*, 108 Ind. 7.

Fraud is by our statute made a question of fact, and should be found as a fact. *Rose* v. *Colter*, 76 Ind. 590. But, if it were conceded that an inference of fraud might be drawn from evidence recited in the special finding, still, the appellant could not prevail, for the evidence recited—and, be it said, improperly recited in the special finding—does not necessarily lead to the inference that the mortgagee was guilty of fraud.

The mortgage provides that the mortgagor may remain in possession, but this was not in itself fraudulent. Nor is the fact that the mortgagee permitted the mortgagor to assign the property, sufficient to constitute the mortgage a fraudulent one. The grant of permission to sell the mortgaged property may be, and, doubtless, often is, evidence of fraud, but it does not, of itself, condemn the transaction. Many circumstances are valuable as evidences of fraud, but these circumstances can not supply the place of a finding of the fact that fraud existed. It is not enough to justify a judgment in favor of one who attacks a chattel mortgage on the ground of fraud that some of the circumstances recited in the special finding might be deemed evidences of fraud, for there is an essential difference between the material fact that fraud exists and circumstances which tend to prove it. *Goff* v. *Rogers*, 71 Ind. 459; *McLaughlin* v. *Ward*, 77 Ind. 383; *Morris* v. *Stern*, 80 Ind. 227, see p. 231; *McFadden* v. *Hopkins*, 81 Ind. 459; *Jarvis* v. *Banta*, 83 Ind. 528; *Louthain* v. *Miller*, 85 Ind. 161; *Berghoff* v. *McDonald*, 87 Ind. 549; *McFadden*

v. *Fritz,* 90 Ind. 590; *Dessar* v. *Field,* 99 Ind. 548; *Tucker* v. *Conrad,* 103 Ind. 349; *Elston* v. *Castor,* 101 Ind. 426, see p. 445.

The doctrine of the case last cited forcibly applies here, for it was there said: "The court below found these facts, but failed to find the ultimate fact, that in all this there was any collusion between the brothers, or that there was any fraud, or intent to defraud any one. If appellants were satisfied that the several facts mentioned were badges of fraud, and that fraud in fact should have been found, their proper course was by a motion for a new trial. Fraud in such cases is a question of fact, and hence we can not determine it here as a matter of law from the facts here found."

It is well settled by the adjudged cases that a debtor may prefer a creditor provided the preference is made in good faith. In this instance there is nothing in the special finding impeaching the good faith of the mortgagor or mortgagee.

It was incumbent on the appellants to prove that the mortgage was fraudulent, as that is the gravamen of their complaint, so that, upon them, rested the burden of proof, and, under the rule of which we have spoken, the special finding when silent is deemed against them. It must, therefore, be held that as the mortgage appears from the special findings to have been executed five days prior to the deed to the assignee, it is not part of the assignment. If it was part of the assignment, then it devolved upon the appellants to prove that fact.

The appellants brought the appellee into court and challenged her to litigate the matters in controversy. As she was not the moving party, it was not necessary for her to make a demand. We are inclined to think it would not have been necessary had she begun the litigation, but this point we need not decide, for, having been put to her defence by the challenge of the appellants, she was under no obligation to make any demand save by her pleadings in court.

Judgment affirmed.

Filed Jan. 14, 1887.