No. 13,542.

BARTHOLOMEW v. PIERSON.

MORTGAGE.—*Husband and Wife.—Tenants by Entireties.— When Mortgage Void.* — A mortgage executed by a husband and wife upon land owned by entireties is void, under section 5119, R. S. 1881, if the wife executed it as surety for her husband, but valid if the money obtained. is for the benefit of the joint estate.

SAME.— *Foreclosure.— Cancellation.— Wife's Suretyship.— Cross-Complaint.— Burden of Proof.*—If, in a suit to foreclose such a mortgage, the wife by cross-complaint alleges her suretyship and asks a cancellation of the mortgage, the burden is upon her to show its invalidity for the cause mentioned.

SAME.—*Special Finding as to Suretyship.*—Where there is a finding merely that the wife signed the mortgage to enable her husband to obtain the money advanced thereon, and not to obtain the money for herself, and that the husband received the money, a conclusion of law that the mortgage is void and should be cancelled is not warranted, in the absence of a finding of the ultimate fact that the wife signed as surety.

SPECIAL FINDING.—*Statements of Evidence.—Surplusage.*—Statements of evidence in a special finding of facts will be treated as surplusage, and disregarded.

From the Hendricks Circuit Court.

*E. G. Hogate* and *R. B. Blake,* for appellant.

*T. T. Moore* and *J. V. Hadley,* for appellee.

ZOLLARS, J.—Appellant, by this action, seeks to foreclose a mortgage and recover a personal judgment upon a promissory note. Upon a proper request, the court below made a special finding of the facts. The facts so found are substantially as follows:

On the 15th day of February, 1883, appellee and her husband, since deceased, executed the note and mortgage in suit. The mortgage is upon land which appellee and her husband owned as tenants by entireties. At the time of the execution of the note and mortgage, and in consideration thereof, appellant signed and delivered to the husband a check on a bank for $600, setting out the check, the amount

of which was paid to the husband by the bank. Appellee "received no part of the money thus obtained. * * She signed the note and mortgage in order that her husband, William H. Pierson, might obtain said money, but not for the purpose of obtaining any money for herself." Upon the facts thus found and stated, the court concluded and adjudged as a matter of law that, as against appellee, the note and mortgage are void, and that appellant is not entitled to recover upon either; and, further, that appellee is entitled to have the same cancelled, as she asks in her cross-complaint.

The first question for decision here is, are the conclusions of law correct upon the facts found? That the check was delivered to the husband and made payable to him is an evidentiary fact rather than the ultimate fact to be found. And while it may tend, in some degree, to show that the loan was made to the husband, it is by no means conclusive of that fact. So far as the ultimate rights of the parties are concerned, it is immaterial, except as a matter of evidence, to whom the check was made payable, or who received the money upon it from the bank. The statements in relation to the check and the payment of it to the husband are statements of evidence and have no proper place in the finding of facts. They should be regarded as surplusage, and disregarded in passing upon the finding of facts. *Ward* v. *Berkshire Life Ins. Co.*, 108 Ind. 301 (307); *Indianapolis, etc., R. W. Co.* v. *Bush*, 101 Ind. 582; *Pittsburgh, etc., R. W. Co.* v. *Adams*, 105 Ind. 151.

The mortgage executed by appellee and her husband upon the land which they owned as tenants by entireties was not necessarily void, either at common law or under our statutes. *Dodge* v. *Kinzy*, 101 Ind. 102 (106); *McLead* v. *Ætna Life Ins. Co.*, 107 Ind. 394 (397); *Fawkner* v. *Scottish, etc., Co.*, 107 Ind. 555.

Under our statute, section 5119, R. S. 1881, both the note and mortgage are void as to appellee, at her pleasure, if she executed them only as surety for her husband. See cases

above cited; also, *Crooks* v. *Kennett,* 111 Ind. 347, and cases there cited.

By her cross-complaint appellee asked to have the note and mortgage cancelled, on the ground that she executed them as surety for her husband, and for no other purpose and in no other capacity. Whatever might be said, did this action involve nothing more than appellant's claim to a judgment and a foreclosure of the mortgage, we think that it must be held that as to her cross-complaint the burden was upon appellee to show that the note and mortgage were, and are, invalid as to her by reason of her having executed them as surety for her husband.

The conclusions of law by the court below can not be sustained, unless it appears from the finding of facts that she thus executed the note and mortgage as surety for her husband.

We do not think that the ultimate fact of suretyship is sufficiently shown by the finding of facts to justify the conclusions of law based thereon. There is no finding of the ultimate fact, as a fact, that appellee executed the note and mortgage as surety for her husband only.

It is found that she executed them in order that her husband might obtain the money, which he did receive upon the check, and not for the purpose of obtaining any money for herself. The facts thus stated, if they can be regarded as anything more than evidence, do not amount to a finding of the controlling and ultimate fact that she executed the note and mortgage as surety only. That she thus executed the note and mortgage is not a necessary inference from the facts stated. The facts thus stated do not necessarily exclude the idea that she may have executed the note and mortgage in order that her husband might obtain the money for the benefit of their joint estate—as, for example, to improve the joint estate, to pay a debt incurred in its purchase, or to remove therefrom a lien which was valid and binding as against both appellee and her husband. See *Western Union Tel. Co.*

-v. *Brown*, 108 Ind. 538; *Stix* v. *Sadler*, 109 Ind. 254, and -cases there cited; *Buchanan* v. *Milligan*, 108 Ind. 433.

If the money was obtained by the husband for the purposes suggested, it could not be said that appellee executed the note and mortgage as his surety only.

We feel constrained to hold that the conclusions of law by the court below are not warranted by the facts found.

The judgment must, therefore, be reversed; and as it is apparent that the rights of the parties will be better protected by ordering a new trial, the judgment is reversed, at appellee's costs, and the cause remanded, with instructions to the court below to award a new trial. See *Western Union Tel. Co.* v. *Brown, supra; Buchanan* v. *Milligan, supra.*

Filed Nov. 30, 1887.