Filed June 5, 1889.

No. 13,709.

## WILSON v. CAMPBELL ET AL.

FRAUD.—*Special Finding.*—Where fraud is essential to the existence of a cause of action, the plaintiff will fail if it is not found and stated in the special finding as a substantive fact.

REAL ESTATE.—*Parol Contract to Convey.—Heirs.—Creditors.*—A parol agreement for the conveyance of land, if valid between the parties, can not be successfully assailed by their heirs or grantees, even if fraudulent as to creditors.

SAME.—*Adverse Possession.—Title.*—Adverse possession for twenty years, under claim and color of right, gives a perfect legal title in fee simple, without regard to the occupant's reasons for not taking a conveyance.

SAME.—*Purchaser.—Inquiry.*—One who buys real estate with knowledge that a third person is in possession, is put upon inquiry as to the rights of the latter.

SAME.—*Character of Possession.*—A purchaser has no right to suppose that a son is in possession as heir, when the latter's possession began many years before the father's death.

From the LaPorte Circuit Court.

Wilson *v.* Campbell *et al.*

*L. Hubbard* and *M. H. Weir,* for appellant .
*F. E. Osborn, D. J. Wile* and *F. F. Reed,* for appellees.

ELLIOTT, C. J.—The appellant claims an undivided interest in the land in controversy, and prays an order of partition. The facts are thus stated in the special finding: " In the year 1856, one Alexander B. Campbell purchased, in part on credit, the real estate mentioned and described in the plaintiff's complaint, intending it for his son, the defendant William H. Campbell; in 1859, the year of said defendant's marriage, Alexander B. Campbell made a verbal agreement with the defendant, in which it was agreed that if he, the defendant, would help to pay for the land and stay at home and assist his father the land should be his, and that the same should be conveyed to him; that in pursuance of this agreement, Alexander B. Campbell, in the year 1859, put the defendant in possession of the real estate, and he, the defendant, has since that time continuously (except as hereinafter stated) openly, notoriously, peaceably and adversely held possession of the land, and so held it at the time of the commencement of this action, living on the same and acting as owner; that shortly after going into possession of the premises the defendant erected thereon a log-house, and afterwards planted and cultivated an orchard, and has tilled and farmed, used and occupied the same as and for his own, with the knowledge, during his lifetime, of Alexander B. Campbell; that he used and occupied the house upon the premises as and for a dwelling during the period of his occupancy as aforesaid, and there reared his family ; that the defendant complied with all of the conditions of his agreement with his father, and in all things used the premises in the manner aforesaid with his knowledge and consent; that Alexander B. Campbell, at various times, recognized the defendant as the owner of the land, and gave it out in speeches that the land belonged to the defendant; that since the year 1859 the defendant has furnished the means wherewith to

pay the taxes on the land; that Alexander B. Campbell died intestate, still holding the legal title to the land, on the 2d day of March, 1883, leaving surviving, as his sole and only heirs-at-law, his widow, Susannah Campbell, and six children, to wit, Margaret Collins, Mary Nelson, Catherine Knapp, Susan Stevens, Alexander C. Campbell and the defendant William H. Campbell; that the decedent had not, during his lifetime, made the defendant a conveyance of the premises; that in the month of August, 1883, Mary Nelson and Catherine Knapp, their respective husbands joining, conveyed, by quitclaim deeds, to the plaintiff, together with other property, the undivided two-ninths of the real estate, for the sum of six hundred dollars, which was paid by plaintiff, and plaintiff has since that time claimed to be the owner of such undivided two-ninths; that at the time of such conveyance, and for twenty years prior thereto, the plaintiff aforesaid had notice of the fact that William H. Campbell was in possession of the land, but the plaintiff had no actual knowledge of the fact that he claimed any title thereto, and at the time of her purchase supposed and believed that William H. Campbell was seized and possessed of only the one-ninth part of the land, and that he held such interest as the heir of his deceased father. It is further found that during the life of Alexander Campbell, the defendant William H. Campbell was in debt, and that there were unpaid judgments against him, and that Alexander Campbell held and retained the title to the land in his own name in order to prevent it from being levied on to pay such judgments, and William H. Campbell consented that his father should hold such title, and did not at any time during his father's life demand of him a deed for the land; that this tract, and another forty-acre tract on which Alexander Campbell lived, lay side by side; that for fifteen years preceding the last two years of the lifetime of Alexander Campbell, William H. Campbell farmed both tracts; that there was but one barn in use on both tracts, which was on the land on which the father resided; that

after the marriage of William H. Campbell one Collins, a son-in-law of Alexander Campbell, lived in the log-house on the land for one winter, and another son-in-law, during another summer, lived in the log-house. The defendant Andrew J. Westervelt has a mortgage on the property, made by William H. Campbell since 1883. The deeds of the plaintiff for the land were duly recorded in September, 1883."

Conclusions of law were stated by the court, as follows:

"*First.* That the defendant William H. Campbell is the owner, in fee simple, of the real estate.

"*Second.* That the plaintiff has no interest in any part thereof.

"*Third.* That the plaintiff's claim is a cloud upon the defendant's title.

"*Fourth.* That, as against the plaintiff, the defendant is entitled to have his title quieted.

"*Fifth.* That the defendants are each entitled to recover of the plaintiff their costs herein expended."

It is a settled rule of practice that a special finding must state facts, and not merely evidence. The law is to be applied to the facts, and where material facts are absent the party who has the burden will fail. This rule governs here, and decides against the appellant the point she makes upon that part of the special finding which states that the son was indebted and that the father retained the legal title to prevent creditors from seizing the land. This statement may tend to establish fraud, but it does no more; it does not, at all events, show that there was a fraudulent conveyance. Where a conveyance is assailed as fraudulent, much more must be shown than appears here, for, to mention one of the things that must be shown, it must be shown that the debtor had no other property subject to seizure on execution. *Sell* v. *Bailey, ante,* p. 51, and cases cited.

Fraud is a question of fact, and not of law. *Rose* v.

*Colter*, 76 Ind. 590. Where fraud is essential to the existence of a cause of action, it must be found and stated in the special finding as a substantive fact or the plaintiff will suffer defeat. *Phelps* v. *Smith*, 116 Ind. 387; *Bartholomew* v. *Pierson*, 112 Ind. 430; *Stix* v. *Sadler*, 109 Ind. 254; *Elston* v. *Castor*, 101 Ind. 426. It is not enough that the special finding contains evidence tending to establish fraud, for the law requires that the ultimate fact be stated.

The parol agreement, if valid between the immediate parties, can not be successfully assailed by their heirs or grantees, even if fraudulent as to creditors. We can not perceive what benefit the appellant could derive from proving that the father intended to aid the son in defrauding creditors. Creditors, perhaps, might have had the agreement declared invalid so far as it was adverse to their interests, but the appellant has no such right. *Laney* v. *Laney*, 2 Ind. 196; *Springer* v. *Drosch*, 32 Ind. 486; *Garner* v. *Graves*, 54 Ind. 188. The defendant in this case relies upon possession under the parol agreement, and as that possession continued for twenty years, his title became one in fee as completely as if there had been a conveyance when he entered into possession. If the question in the case was as to the right of the appellee to a specific performance of the parol contract, then there would be, perhaps, some plausibility in the argument of counsel that the fraudulent purpose vitiated the agreement, but the adverse possession under claim and color of right gave him a complete and perfect title.

We are unable to find any essential element of estoppel in the special finding. The appellee did nothing to mislead or deceive the appellant. He was in possession of the land, acting as the owner. When the appellant bought, as she did, with knowledge of the possession by the appellee, she was put upon inquiry as to the right by which he claimed and held possession.

The possession of the appellee began long before his father's death, so that the appellant had no right to suppose that he

entered into possession as one of the heirs entitled to an undivided part of the land. If possession had been taken after the father's death, there might possibly be force in the appellant's argument and relevancy in the authorities cited, but the possession was taken twenty years and more before the father died.

Counsel for appellant thus state the general question: "Was the possession of the son constructive notice to the purchaser of his equitable title to the whole forty acres?" As often happens, this question contains an illicit assumption, and that is that the appellee's title is an equitable one. This assumption is directly opposed to the true legal doctrine, for the right of the appellee had ripened into a perfect legal title, and was not a mere equitable claim. *Roots* v. *Beck*, 109 Ind. 472; *Riggs* v. *Riley*, 113 Ind. 208; *Cutsinger* v. *Ballard*, 115 Ind. 93. The title acquired by adverse possession is a fee simple. *Sims* v. *City of Frankfort*, 79 Ind. 446.

The judgment is affirmed.

