Fletcher *et al. v.* Martin *et al.*

No. 13,347.

## FLETCHER ET AL. *v.* MARTIN ET AL.

CHATTEL MORTGAGE.—*Mortgagors to Sell Mortgaged Property.—Parol Agreement.—Fraud.*—A parol agreement, made after the execution of a chattel mortgage, authorizing the mortgagor to sell the mortgaged property, and apply the proceeds to the payment of the mortgage debt, does not vitiate the mortgage. Our statute makes fraud a question of fact, and such an agreement does not of itself establish fraud.

SAME.—*Action to Set Aside as Fraudulent.—Burden of Proof.—What Special Finding Must Show.*—Where a party seeks to avoid a chattel mortgage as fraudulent, he has the burden of proof, and he can not have judgment upon a special finding which states some of the badges of fraud, but does not state as an ultimate fact that there was fraud. The inferential fact must be stated, and its place can not be supplied by mere evidentiary facts.

SAME.—*Delivery to Attorney of Mortgagor as agent for Mortgagee.— Validity of.*—The delivery of a chattel mortgage to the attorney of the mortgagor as agent for the mortgagees, is valid.

SPECIAL FINDING.—*Facts not in Issue.—Silence of Special Finding upon.—Appeal.*—A special finding need not cover a fact not in issue, and the silence of the special finding upon an uncontroverted fact appearing upon the face of the pleadings will avail nothing on appeal.

From the Noble Circuit Court.

*H. G. Zimmerman* and *L. H. Wrigley,* for appellants.

*L. W. Welker,* for appellees.

ELLIOTT, J.—The material facts stated in the special finding are these : John J. Martin resided, and carried on business, in the town of Albion, from a time prior to March, 1882, until after this suit was commenced. He became indebted to the appellants in various sums, amounting in the aggregate to something over thirteen hundred dollars, for goods sold and delivered to him by them. Judgments were obtained by the appellants, on their respective claims, on and before the 21st day of March, 1885, and on these judgments executions were issued and delivered to the sheriff. The executions were returned, "no property found," and when

this suit was commenced the judgment debtor had no property subject to execution. At the time John J. Martin began business, in 1882, his father, Archibald Martin, loaned him twelve hundred dollars, and his father-in-law, Jeremiah Flickinger, loaned him divers sums of money, aggregating one thousand dollars. The father-in-law received notes for the sums loaned by him, at the time the money was loaned, but the father did not receive a note until the 15th day of December, 1884, when the borrower executed a note for the principal sum. This note was dated on the 15th day of March, 1882, the time when the loan was made, and it provided for interest at the rate of 8 per cent. per annum, in accordance with the agreement made when John J. Martin borrowed the money. On the 18th day of December, 1884, a chattel mortgage was executed by John J. Martin to his father and father-in-law. The mortgage was executed to secure the debts due the mortgagees, and to prefer them as creditors. On the day of its execution it was agreed between John J. Martin and the agent and attorney of the mortgagees that the mortgagor should continue in possession of the mortgaged goods, and should continue to sell them, and should account to the mortgagees for the avails of the sales. The mortgagor did continue in possession, and did sell goods to the value of $305. In violation of the parol agreement the mortgagor applied the sum received from such sales to the payment of creditors other than the mortgagees. On the first day of January, 1885, the mortgagees took possession under the mortgage, and instituted a suit for foreclosure. In that suit they obtained a decree foreclosing the mortgage. The mortgage was delivered, at the time of its execution, to the agent of the mortgagees, who had been, prior to that time, the sole attorney of the mortgagor. On the 23d day of January, 1885, sale was made on the decree, and the goods were purchased by the mortgagees for the price of two thousand dollars. To satisfy the remainder due the mortgagees the household goods of John J. Martin were sold on execu-

tion, and bought by the judgment plaintiffs. After their purchase they permitted the debtor to remain in possession. At the time of the execution of the mortgage John J. Martin was insolvent, and had not sufficient property to pay his debts, of which fact the mortgagees had notice.

It has often been decided that a provision in a chattel mortgage authorizing the mortgagor to . sell the mortgaged property, and apply the proceeds to the payment of the mortgage debt does not vitiate the mortgage. *New* v. *Sailors*, 114 Ind. 407 ; *Mayer* v. *Feig*, 114 Ind. 577 ; *Stix* v. *Sadler*, 109 Ind. 254 ; *Dessar* v. *Field*, 99 Ind. 548; *McFadden* v. *Fritz*, 90 Ind. 590; *McFadden* v. *Hopkins*, 81 Ind. 459; *Morris* v. *Stern*, 80 Ind. 227 ; *Lockwood* v. *Harding*, 79 Ind. 129 ; *McLaughlin* v. *Ward*, 77 Ind. 383. Cases under statutes different from ours are without influence. Our statute makes fraud a question of fact, and such a provision in a mortgage as that we have mentioned does not, of itself, establish fraud. It is quite clear that the principle asserted in the cases cited governs where a parol agreement is made after the execution of the mortgage embodying a similar provision.

Where a party seeks to avoid a chattel mortgage as fraudulent he has the burden of proof, and he can not have judgment upon a special finding which states some of the badges of fraud, but does not state as an ultimate fact that there was fraud. The inferential fact must be stated, and its place can not be supplied by mere evidentiary facts. *Cicero Tp.* v. *Picken*, 122 Ind. 260 ; *Kirkpatrick* v. *Reeves*, 121 Ind. 280 ; *Wilson* v. *Campbell*, 119 Ind. 286 ; *Phelps* v. *Smith*, 116 Ind. 387 ; *Bartholomew* v. *Pierson*, 112 Ind. 430 ; *Stix* v. *Sadler, supra ; Elston* v. *Castor*, 101 Ind. 426.

The appellants aver in their complaint that the mortgage which they attack was recorded on the day of its execution; hence, that fact was not in issue, and they can not derive any advantage from the silence of the special finding upon that point. They affirmed that the instrument was recorded, and

no issue was tendered upon that question; so that there was no necessity to find upon it. If a special finding fully covers the issues, and settles all controverted questions, it is unquestionably sufficient. It was not incumbent upon the trial court to embody in its special finding a statement on an uncontroverted fact appearing upon the face of the pleadings.

The delivery of the mortgage to the attorney of the mortgagor and the agent of the mortgagees was valid. It was competent for the mortgagees to make the attorney their agent for the purpose of receiving the mortgage.

We have carefully studied the evidence, and are satisfied that it fully sustains the finding.

Judgment affirmed.

