Sickman v. Wilhelm et al.

Filed Feb. 27, 1892.

---

No. 15,446.

### SICKMAN v. WILHELM ET AL.

FRAUDULENT CONVEYANCE.—*Setting Aside.—Special Finding.—Fraudulent Intent.*—In an action to set aside a conveyance as fraudulent, where there is a special finding, a fraudulent intent must be found as a fact, otherwise the conveyance can not be held to be fraudulent as to creditors.

From the Starke Circuit Court.

*H. R. Robbins,* for appellant.

*G. W. Beeman,* for appellees.

MILLER, J.—This action was brought by the appellant against the appellees to set aside a conveyance of real estate, executed by Jefferson Wilhelm to his co-appellees, and to

subject the land to the payment of a judgment held by the appellant against Jefferson Wilhelm.

The complaint makes the usual charges of fraud in the execution of the deed, and that it was without consideration.

The defendants answered the complaint by a general denial.

At the request of the plaintiff the court made a special finding of facts and conclusions of law.

The conclusions of law were favorable to the defendants, and final judgment was rendered in their favor, in which the court refused to set aside the conveyance as fraudulent.

The appellant excepted to the conclusions of law, and also moved the court to so modify the judgment as to declare a lien against the land for the amount of the plaintiffs' judgment, subject to the sum of $400, which was to be a first lien in favor of the grantees.

Without setting out or stating the substance of the findings of fact, or discussing other questions of law presented by the record, it is sufficient to say that the court did not err in its conclusions of law, or in overruling the motion to modify the judgment.

The court, in its finding of facts, did not find as a fact that the conveyance was executed with a fraudulent intent.

In the case of *Citizens' Bank* v. *Bolen*, 121 Ind. 301, this court said : " The question of fraudulent intent is a question of fact, and not of law, under our statute ; and in an action in the form of a creditor's bill to set aside a conveyance as fraudulent, where there is a special finding, a fraudulent intent must be found as a fact, otherwise the conveyance can not be held to be fraudulent as to creditors."

Again, in *Farmers' Loan and Trust Co.* v. *Canada, etc., R. W. Co.*, 127 Ind. 250 (269), it is said : " It is settled by our decisions that fraud must be found and stated as an inferential or ultimate fact, and that it is not sufficient to state

badges of fraud, or the evidences of fraud, in a special finding."

These cases are sustained by a large number of cases, among which we cite: *Cicero Tp.* v. *Picken,* 122 Ind. 260; *Kirkpatrick* v. *Reeves,* 121 Ind. 280; *Wilson* v. *Campbell,* 119 Ind. 286; *Phelps* v. *Smith,* 116 Ind. 387; *Bartholomew* v. *Pierson,* 112 Ind. 430; *Stix* v. *Sadler,* 109 Ind. 254; *Elston* v. *Castor,* 101 Ind. 426; *Rose* v. *Colter,* 76 Ind. 590; *Fletcher* v. *Martin,* 126 Ind. 55.

In the absence of a finding of this fact, the court could neither set aside the conveyance nor declare a lien against the land.

Judgment affirmed.

Filed Jan. 30, 1892; petition for a rehearing overruled March 10, 1892.