## MORGAN ET AL. *v.* WORDEN ET AL.

[No. 15,820.    Filed November 22, 1892.]

SPECIAL FINDING.—*Practice.*—*Fraudulent Conveyance.*—When there is a special finding of facts in the court below, this court considers only the inferential or ultimate facts it contains and gives no heed to mere matter of evidence ; and when in an action to set aside a conveyance as fraudulent the special finding does not state fraud as an ultimate fact the action must fail.

CHATTEL MORTGAGE.—*Fraudulent Consideration.*—Where a chattel mortgage is executed to secure the claim of several creditors, an honest creditor does not lose his security because the mortgage constituting the security embraces the separate claim of a party who participated with the mortgagor in perpetrating a fraud, where such claims were distinct and divisible.

VOLUNTARY ASSIGNMENT.—*Mortgage.*—Neither the execution of a mortgage to secure an existing debt, nor the transfer of a specific chose in action to secure or pay a debt, amounts to a voluntary assignment within the meaning of the statute providing for voluntary assignments.

From the Allen Superior Court.  *Affirmed.*

*L. M.* and *H. W. Ninde,* for appellants.

*Worden & Morris,* for appellees.

ELLIOTT, J.—The material facts stated in the special finding are these:  In July, 1887, Harry L. Worden and John F. Zent formed a partnership under the firm name of Worden & Zent.  Worden borrowed from his mother $1,000.00 and executed to her his promissory note for that sum.  The appellants sold to the firm of Worden & Zent goods to the value of $1,200.00. When this action was begun, Worden & Zent were indebted to McIntosh, Huntington & Co. in the sum of $193.00, and to other persons in divers sums.  Anna Worden, the mother of Harry L. Worden, was born in the year 1829.  On the 2d day of June, 1884, James L. Worden, the husband of Anna Worden, and the father of Harry L. Worden, died intestate, leaving besides his widow and the son just named, two sons, Charles and James.  The three sons conveyed to their mother, on the 13th day of June, 1884, a life-estate in the principal part of the real estate of which their father died seized.  On the 2d day of January, 1885, James sold his interest in the land to his brothers, Harry and Charles.  Afterwards, on the 11th day of May, 1888, the mother and the two sons, Charles and Harry, sold and conveyed the land for $10,000.00, receiving in cash the sum of $4,000.00, and a mortgage for the $3,500.00.  The remainder of the purchase-price was paid by the assumption by the purchaser of an incumbrance upon the property.  The cash received was paid to Mrs. Worden, who used $1,440.00 of the money in paying delinquent taxes, physicians' charges and living expenses.  During the period intervening between January, 1886, and May, 1888, Harry L. Worden became indebted to his mother, in addition to the

money borrowed of her, in a sum aggregating $500.00. On the 10th day of May, 1888, Harry L. Worden executed promissory notes to his mother for the amount of his indebtedness, which accrued after the date of the note executed for the money borrowed. In payment of those notes and of $300.00 of the money borrowed, he assigned to his mother his interest in the mortgage heretofore mentioned, and also conveyed to her a lot in the city of Fort Wayne. On the same day Worden & Zent executed to the appellants and other creditors a chattel mortgage. This mortgage was executed to secure the claim of appellants, the remainder of the borrowed money due Mrs. Worden and the claims of other creditors of the firm and its individual members. The indebtedness of the firm of Worden & Zent, at the time the mortgage was executed, was $1,900.00. On the day the chattel mortgage was executed Worden & Zent assigned its property to one of its creditors. The appellants and the appellees knew of the indebtedness and insolvency of Worden & Zent, but supposed the assets of the firm would pay the secured claims. The appellants, upon ascertaining that the partnership assets were insufficient to pay their claim, repudiated the contract under which the chattel mortgage was executed. For some time prior to May 10, 1888, Worden & Zent were insolvent. Charles Worden acted as the attorney for his mother and his brother. The assignment and the conveyance executed by Harry L. Worden to his mother were upon a fair consideration, and they were executed to constitute her a preferred creditor.

The court stated in substance, these conclusions of law: 1st. That the appellants were entitled to recover of Worden & Zent the amount of their claim, and that other creditors were entitled to like recoveries upon their respective claims. 2d. That the con-

veyance and assignment to Anna Worden are valid. 3d. That a note for $70.00, executed by Zent and included in the chattel mortgage was fraudulent.

The facts stated do not authorize the conclusion, even as matter of evidence, that either Mrs. Worden or her son was guilty of fraud. The finding declares that the assignment and the conveyance were executed upon a fair consideration and for the purpose of preferring Mrs. Worden. It is well settled that an insolvent debtor may prefer a creditor.

We cannot, however, resort to evidentiary inferences, for the question arises upon a special finding. Where there is a special finding the court considers only the inferential or ultimate facts it contains and gives no heed to mere matters of evidence. See authorities cited Elliott App. Proced., section 757. Under this settled rule it has been often held that where fraud is essential to a recovery it must be stated as an inferential or ultimate fact. *Sickman* v. *Wilhelm*, 130 Ind. 480; *Farmers, etc., Co.* v. *Canada, etc., Co.*, 127 Ind. 250, 270; *Fletcher* v. *Martin*, 126 Ind. 55, 57; *Cicero Township* v. *Picken*, 122 Ind. 260; *Kirkpatrick* v. *Reeves*, 121 Ind. 280; *Wilson* v. *Campbell*, 119 Ind. 286; *Phelps* v. *Smith*, 116 Ind. 387; *Bartholomew* v. *Pierson*, 112 Ind. 430; *Stix* v. *Sadler*, 109 Ind. 254; *Elston* v. *Castor*, 101 Ind. 426.

The fact, if it be conceded to be a fact well found, that Zent was guilty of fraud in executing a note to his father for $70.00 and including it in the chattel mortgage, could not, of course, affect the Wordens, nor does it affect the result in this case. The rights of Mrs. Worden and the holder of the note executed by Zent were distinct and severable, and as to her, the chattel mortgage is valid. An honest creditor does not lose his security because the mortgage constituting the security embraces the separate claim of a

party who participated with the mortgagor in perpe-
trating a fraud. If the claims and actions of the mort-
gagees were not distinct and divisible quite another
question would confront us, but here they were en-
tirely separate and distinct. It is settled beyond de-
bate that where a good-faith creditor has no knowl-
edge of the fraudulent intent of the debtor his security
is valid. Here, Mrs. Worden was the holder of a valid
claim against one of the mortgagors, so that she was
not a voluntary mortgagee, and, being entirely free
from any wrong, she is entitled to enforce the mort-
gage so far as it secures her claim.

Zent was not guilty of fraud in joining with his
partner in executing a mortgage to secure a debt
justly due from his partner. *Fisher* v. *Syfers et al.*, 109
Ind. 514. And, certainly, Mrs. Worden was not guilty
of fraud, since she did no more than accept security
for a debt justly due her.

. A pre-existing debt is a valuable consideration for
a contract. *Hewitt* v. *Powers*, 84 Ind. 295. A mortgage
executed to secure a subsisting debt is supported by a
valuable consideration, but it will not, as a general
rule, prevail against one who occupies the favored
position of a *bona fide* purchaser. *Gilchrist* v. *Gough*,
63 Ind. 576, 584; *Busenbarke* v. *Ramey*, 53 Ind. 599;
*Dunham* v. *Craig*, 79 Ind. 125. The appellants, how-
ever, are in no sense *bona fide* purchasers; they are
ordinary creditors, and against them a mortgage to se-
cure other creditors is valid. *Boling* v. *Howell*, 93 Ind.
332; *Louthain* v. *Miller*, 85 Ind. 161.

The authorities referred to by appellants' counsel
do not oppose our conclusion.

. There is no fact stated in the special finding indi-
cating that Worden & Zent intended or designed to
defraud the appellants, or anyone else, from whom
they might subsequently purchase goods, so that the

authorities cited was bearing upon that point are not relevant.

There was no assignment for the benefit of creditors under the statute providing for voluntary assignments by insolvent debtors. The execution of a mortgage to secure an existing debt is not such an assignment, nor is the transfer of a specific chose in action to secure a debt, or to pay a debt, a voluntary assignment under the statute. *Gilbert Assn.* v. *McCorkle et al.*, 110 Ind. 215; *Cushman* v. *Gephart*, 97 Ind. 46; *Carnahan* v. *Schwab*, 127 Ind. 507, and cases cited.

It is unnecessary to decide whether the appellants are in a situation to impeach the chattel mortgage they assisted in procuring, for, irrespective of the question of estoppel, this appeal must fail.

Judgment affirmed.