## ALBERTS ET AL. v. BAKER.

[No. 2,608. Filed January 6, 1899.]

APPEAL AND ERROR.—*Assignment of Error.—Ruling on Pleadings.— Special Verdict.*—Errors assigned as to rulings on the pleadings need not be considered, where the questions urged arise on the special verdict. *p. 376.*

ATTACHMENT AND GARNISHMENT.—*Jurisdiction.—Fraud.*—Where a garnishee responded to a summons served upon him, and made oral answer admitting an indebtedness to the defendant in the attachment proceedings, the court acquired such jurisdiction of his person as enabled it to render a valid judgment against him for the amount of the admitted indebtedness, and, in the absence of fraud, the judgment so rendered will protect the garnishee from the demands of the defendant in such action in a subsequent action by him against the garnishee for the recovery of the same debt. *pp. 376-380.*

FRAUD.—*Question of Fact.*—Fraud is a question of fact, and cannot be presumed or inferred as a matter of law. *p. 380.*

SPECIAL VERDICT.— *Ultimate Facts. — Inferences.* — The Appellate Court cannot draw conclusions or inferences from the ultimate facts found in a special verdict, but must take such facts as found by the jury. *p. 380.*

From the Huntington Circuit Court. *Affirmed.*

*O. W. Whitelock, S. E. Cook* and *I. Connor*, for appellants.

*George W. Holman, Rome C. Stevenson* and *Kenner & Lesh*, for appellee.

HENLEY, J.—This cause is here for the second time. The opinion upon the former appeal is found in volume 13, Ind. App. 399. This action was brought by appellants against the appellee to recover the price of five carloads of shingles. The complaint is in four paragraphs. The first two paragraphs of the complaint proceed upon the theory that the shingles were sold to appellee by one E. B. Newton, who assigned his said account to these appellants. The third paragraph of complaint alleges a sale and

delivery to appellee of five carloads of shingles by appellants. The fourth paragraph of complaint alleges that appellee is indebted to appellants for five carloads of shingles furnished to appellee by appellants, which shingles appellee accepted and used. Appellee answered in two paragraphs,—the first a general denial, the second setting up certain attachment and garnishment proceedings in the Fulton Circuit Court. The averments of this answer present a history of the transaction and are in substance as follows: That in the month of August, one Shrieve, claiming to be a representative of E. B. Newton & Co., a firm or partnership composed of Edward B. Newton and Gertrude Newton, solicited an order for shingles from this appellee; that appellee at said time ordered from said firm seven carloads of shingles, which order was filled by a shipment to appellee of the five carloads of shingles which are referred to in each paragraph of the plaintiffs' complaint, and which shingles were billed to appellee by said E. B. Newton & Co.; that appellee's indebtedness for said shingles, after deducting the freight and discounts, amounted to the sum of $939.34; that on the 21st day of September, 1891, Robert K. and Wm. H. Mann filed in the Fulton Circuit Court in Indiana a complaint against Gertrude Newton and Edward B. Newton on an account and certain acceptances, on which judgment was demanded in the sum of $1,300, and at the same time said Robert K. and Wm. H. Mann filed their affidavit and bond in attachment and an affidavit in garnishment against the appellee herein, and summons was duly served upon appellee to answer as garnishee on the 10th day of the September term, 1891, of the Fulton Circuit Court; that on the 21st day of September, 1891, a writ of attachment was duly issued by the clerk of the circuit court of Fulton

county to the sheriff of said county, commanding him to seize and take into his possession the personal property and attach the land of the defendants Gertrude Newton and Edward B. Newton, in his county, and not exempt from execution, or so much thereof as would satisfy the claim of the plaintiff in the action. The answer then fully sets out all of the proceedings in the Fulton Circuit Court in said cause, including the return of the sheriff upon the writ of attachment, the affidavit of nonresidence of the said Newtons, the publication and proof thereof, the default of the said Newtons, and the following finding and decree: "That it is therefore ordered and adjudged by the court that the plaintiffs, Robert K. Mann and William H. Mann, have their attachment against defendants, Gertrude Newton and Edward B. Newton, in the sum of $1,294.47, collectible and subject to appraisement." It is then further averred in said answer that appellee, pursuant to notice duly served upon him, appeared in open court in person upon the issue raised by the affidavit in garnishment and testified in said cause concerning his indebtedness for said shingles, whereupon said court rendered judgment against appellee in the sum of $934.44, which was his entire indebtedness for said shingles, which said judgment was never appealed from, vacated, modified, nor in any way set aside, and which, after its said rendition the appellee herein fully paid. The answer concludes with the further general allegation, "And as to all allegations in the several paragraphs of complaint the defendant denies each and every material allegation therein contained." Appellants' demurrer to the second paragraph of answer was overruled. A reply was filed in two paragraphs. The first paragraph of appellants' reply was a general denial. The second paragraph alleged, in

brief, that appellee knew that appellants were furnishing the shingles, and knew that the debt for the same belonged to them, and that he was in collusion with the said Manns, the plaintiffs in the attachment suit against the said Newtons, to aid them in getting the money, and that the payment of the said money into court by appellee as garnishee was voluntary. The cause was submitted to a jury for trial, and a special verdict returned by way of interrogtories and answers thereto. Both parties moved for judgment upon the special verdict. Appellee's motion was sustained; that of appellants overruled. The assignment of errors in this court questions the ruling of the lower court in overruling the demurrer to the second paragraph of answer, the overruling of appellants' motion, and the sustaining of appellee's motion for judgment upon the special verdict. We will dispose of the questions arising upon the alleged errors in the order in which they are assigned.

First, as to the sufficiency of the answer. It has been held by the Supreme Court of this State in the recent case of *Forgy* v. *Harvey*, 151 Ind. 507, that errors assigned on rulings as to the pleadings need not be considered where the questions urged arise on a special verdict. See, also, *Smith* v. *Manufacturing Co.*, 148 Ind. 333; *Woodward* v. *Mitchell*, 140 Ind. 406; *Wilmore* v. *Stetler*, 137 Ind. 127. The special verdict in this cause fully determines all the questions arising upon this appeal. The overruling of the demurrer to the second paragraph of answer did not prevent appellants from proving the material allegations of their third and fourth paragraphs of complaint, but the special verdict shows that upon the issues presented by such paragraphs there was a finding for appellee, hence appellants were not harmed by such ruling. It is not contended that the answer

is bad as to the first and second paragraphs of complaint. It is found by the special verdict that during the month of August, 1891, one David M. Shrieve, representing Edward B. Newton & Co., took appellee's order for seven carloads of shingles, and that five carloads of said order were filled by shipment to appellee; that the debt created by said purchase is the account sued on in this action, and was assigned in writing by said Newton & Co. to these appellants on the 21st day of October, 1891. That on the 21st day of September, 1891, said debt being still unpaid, a complaint was filed in the Fulton Circuit Court of the state of Indiana against the said Newtons by Robert K. Mann and William H. Mann, and in said action the appellee herein was made a garnishee defendant, and summons was duly served upon him as such defendant on the 21st day of September, 1891; that on said last named date the said Manns filed with their said complaint an affidavit in attachment and garnishment on the ground that the said Newtons were nonresidents, and at the same time filed an affidavit alleging the nonresidence of said Newtons in the state of Indiana; that publication was ordered, and notice of nonresidence published in the Rochester Republican, a paper of general circulation in said Fulton county, and printed in the English language; that the writ of attachment was, on said 21st day of September, 1891, duly issued and placed in the hands of the sheriff of said county, and the same was returned on the 20th day of November, 1891, indorsed "No property found in my county;" that the said nonresidence notice was published for four weeks, said publication ending on the 15th day of October, 1891, and proof thereof was duly made by the affidavit of the publisher on the 20th day of November, 1891; that by said notice said Newtons were required to appear in

the Fulton Circuit Court on the 1st day of the November term, 1891, of said court, which began on the third Monday of November, 1891, and that the 20th day of November, 1891, was the fifth day of said term of court; that said Newtons did not appear and were defaulted; that appellee appeared in open court on November 20, 1891, and testified as to his indebtedness for said shingles. That the Fulton Circuit Court found in favor of said Manns in said attachment proceedings, and rendered judgment accordingly, and also found that said Newtons were indebted to the said Manns in the sum of $1,394.47, and a finding and judgment against the appellee herein as garnishee defendant in the sum of $934.94, which judgment appellee has paid. That on the 16th day of November, 1891, the appellee gave appellants notice by letter that he had been "garnisheed on the shingles bought of E. B. Newton & Co.;" that Rochester, Indiana, is 160 miles from Muskegon, Michigan, and there are direct mail communications between said points, and that Grand Rapids, Michigan, is about 140 miles from Rochester, Indiana; that the order for shingles given by said appellee to said Shrieve, the representative of E. B. Newton & Co., was received by appellants, and in pursuance of said order appellants shipped to said appellee during the month of Septmber, 1891, five carloads of shingles, the contract price of which, after deducting freights, amounted to $939.94, which shingles the appellee received and accepted, said appellants charging the price of the said shingles on their books to appellee; that when the first shipment of shingles arrived they were billed and invoiced from appellants to appellee, whereupon appellee asked appellants to change the shipping bills and invoices from the names of appellants to the name of E. B. Newton & Co., and thereupon appellants recalled

their shipping bills and invoices and changed them all to the name as requested by appellee, and after the change was so made by appellants, at appellee's request the said E. B. Newton assigned and transferred to these appellants the account for the shingles shipped to the appellee; that said appellee has never paid appellants for the said shingles; that the said Gertrude Newton, while she was a member of the firm of E. B. Newton & Co., became indebted in the sum of $1,300 to Robert E. and William H. Mann, who were lumber dealers, residing at Muskegon, Michigan, and who did, on the 21st day of September, 1891, go to the home of appellee at Rochester, Indiana, and commence an action in attachment and garnishment against said Gertrude Newton and Edward B. Newton, and caused said appellee to be summoned as a garnishee defendant; that appellee knew of the commencement of said action, and assisted in obtaining a person to become surety on the attachment bond. It is also found that at the time appellee requested appellants to change the bills for the shingles it was his intention to aid said Mann & Mann in their attachment suit, and that appellants did not know of appellee's intention, and were misled thereby. If the appellee responded to the summons served upon him as garnishee, and made oral answer admitting an indebtedness to the defendant in the attachment proceedings, the court acquired such jurisdiction of his person as enabled it to render a valid judgment against him, *Dooly* v. *Miles* (Ga.), 29 S. E. 118; and, in the absence of fraud, the judgment so rendered will protect appellee from the demands of appellants claiming the same debt. The question then, arises, does the special verdict in this cause find fraud upon the part of appellee? It is true the special verdict finds many facts which are badges

of fraud, but nowhere is the ultimate fact of fraud or collusion found. Fraud is a question of fact and cannot be presumed or inferred as a matter of law. *Rose* v. *Colter*, 76 Ind. 590; *Stix* v. *Sadler*, 109 Ind. 254; *Bartholomew* v. *Pierson*, 112 Ind. 430; *Phelps* v. *Smith*, 116 Ind. 387. In the case of *Phelps* v. *Smith, supra,* the Supreme Court, speaking by Elliott, J., said of this question: "By our statute the question of fraud is made one of fact, and where fraud is essential to the existence of a cause of action it must be found as a fact, and not left to be inferred as a matter of law. The court may, doubtless, give to facts their legal effect; but where, as here, the case is presented upon a special finding, it cannot add a new and substantive fact to those stated by the trial court." This court must take the ultimate facts as found by the jury and cannot draw conclusions or inferences of fact from them.

We think the lower court properly overruled appellants' motion for judgment upon the special verdict. Judgment affirmed.