## MILLER ET AL. *v.* ENGLER.

[No. 8,093.    Filed November 25, 1913.]

1. APPEAL.—*Review.*—*Theory in Trial Court.*—*Change.*—Where on appeal the whole record shows that the trial was had on the theory that conveyances, by which a husband and wife procured title to the husband's property to be vested in them jointly, were fraudulent, a judgment foreclosing a mortgage upon such property, subsequently executed by such husband and wife to secure the debt of the husband, cannot be supported on the theory that the mortgagee was entitled to subrogation to his rights under a mortgage executed prior to such conveyances to secure a debt which the evidence shows was part of the debt sued on, even though a remittitur by the mortgagee is shown, especially in the absence of anything to show that the amount of the judgment as actually rendered was the amount of the former mortgage with accrued interest and attorney fees.    pp. 693, 694.

2. APPEAL.—*Findings.*—*Failure to Find.*—*Effect.*—No inferences or intendments will be indulged on appeal in aid of special findings when a material fact is wholly omitted, and the failure to find an essential fact is treated as a finding adverse to the party having the burden of proving same.    p. 693.

3. FRAUDULENT CONVEYANCES.—*Trial.*—*Findings.*—*Sufficiency.*—A finding that conveyances of land owned by a husband, so as to vest the title in such husband and his wife jointly, were without consideration, was insufficient in the absence of a finding of fraud as a fact, to support the conclusion that such conveyances were fraudulent as against a mortgagee who subsequently and without notice thereof took a new mortgage to secure the husband's debt.    p. 694.

4. APPEAL.—*Review.*—*Theory.*—*Change.*—The theory upon which a case is tried in the lower court, and upon which the parties proceed, must be adhered to on appeal.    p. 695.

From Superior Court of Marion County (80,019); *Charles J. Orbison,* Judge.

Action by A. B. Meyer and Company against Reuben N. Miller and others in which Charles Engler filed a cross-complaint against the defendants Reuben N. Miller and wife. From a judgment for cross-complainant, the defendants Reuben N. Miller and wife appeal. *Reversed.*

*D. R. Murray, Taylor & Huls* and *B. F. Watson,* for appellants.

*W. E. Henderson* and *Means & Buenting,* for appellee.

SHEA, J.—This action was commenced by A. B. Meyer & Company for the foreclosure of a mechanic's lien claimed against certain real estate owned by appellants, appellee Engler and Hiram Brown, all of whom were made defendants. The complaint was afterwards dismissed by agreement, but before dismissal Engler filed a cross-complaint against appellants for judgment on a promissory note and foreclosure of a mortgage against said real estate securing the note. The cross-complaint was in five paragraphs. Appellant Lulu M. Miller filed an answer thereto in general denial and plea of *non est factum,* also an answer to the first and second paragraphs claiming the indebtedness to be that of her husband, Reuben N. Miller, and that at the time of the execution of the mortgage the title to the real estate was held by herself and husband as tenants by entireties. Appellant Reuben N. Miller filed an answer in general denial and plea of *non est factum* to each paragraph of the cross-complaint. The defendant Hiram Brown made no appearance to the action, and the complaint having been dismissed by agreement, the cause was submitted to the court for trial on the issues joined on the cross-complaint between Engler and appellants; a special finding of facts was made, and conclusions of law stated thereon.

The substance of the special findings is that in the winter of 1907, Reuben N. Miller borrowed of Engler $200 and in January 1908, $800; that the sum of $800 was used by him in the improvement of certain described real estate in Marion County, Indiana, and at the time this loan was made, Miller executed his promissory note for the amount to Engler, payable within sixty days from date, with interest at the rate of eight per cent per annum. At the same time, Miller and his wife, appellant Lulu M. Miller, executed to Engler a mortgage on said real estate. When the above

loans were made the title to the property rested in Reuben N. Miller, and he has not paid appellee either the $200 or $800 so loaned or any part thereof. On January 6, 1909 appellants conveyed the real estate by deed to William S. Taylor, without consideration, and on February 25, 1909, Taylor conveyed the property back to them jointly without consideration, the deeds being duly recorded March 3, 1909. Appellee had no actual knowledge of the conveyance, and ever since Reuben N. Miller has had no property out of which appellee's indebtedness could be collected. On March 12, 1909, Reuben N. Miller executed and delivered to appellee his promissory note for $1,000, given in payment and satisfaction of the $200 and $800 indebtedness previously made. The note was delivered to appellee by Stewart T. Tongret, a notary public, under Miller's direction and authority, and at the time of delivery read as follows:

"Indianapolis, Ind. March 12, 1909. $100.00 Sixtieth days after date I promise to pay to the order of Charles Engler One Thousand ($1000.00) Dollars, at ——————— for value received, without any relief whatever from valuation or appraisement laws with eight per cent interest from date until paid and attorneys fees. R. N. Miller. No. One Due 9/12-09."

After execution and delivery, the time of maturity of the note was changed from "sixtieth days" to "sixty days" by Tongret, at appellee's request, with Miller's knowledge and consent. On or about March 12, 1909, appellants executed to appellee a mortgage on said real estate to secure the payment of the note. At the time of the execution of the mortgage by Lulu M. Miller, the place in which to insert the time of maturity of the note was left blank, and she authorized Tongret, who took the acknowledgment of the mortgage, to fill in the blank with such date as Reuben N. Miller might direct, and the blank was filled in by Tongret under Miller's direction and authority before delivery of the mortgage to appellee, who had no knowledge that such blank space was not filled in before the mortgage was signed by Lulu

M. Miller. Under Reuben N. Miller's authority and direction Tongret delivered the note and mortgage to appellee, who, at the same time, surrendered to Tongret the note and mortgage for $800. The mortgage for $1,000 at that time read as follows:

"This Indenture Witnesseth that R. N. Miller and Lulu M. Miller, husband and wife, of Marion County, in the State of Indiana, Mortgage and Warrant to Charles Engler of Marion County, in the State of Indiana, the following described real estate * * * to secure the payment when the same became due, of one promissory note of even date with this mortgage due from said R. N. Miller to said Engler, for the sum of one thousand dollars payable on the 12th day of May 1909. And the mortgagor expressly agrees to pay the sum of money above secured, without relief from valuation or appraisement laws," etc.

At the time of the execution of the mortgage, by the mutual mistake of the scrivener who wrote same and appellee and appellants, the word "eighty" was omitted in that part of the description of the real estate reading "being parts of lots number eighty-two (82)", which was written "being parts of lots number two (82)" and also the figures "12" were written in that part of the mortgage describing when the note secured thereby became due instead of "11"; that it was intended by the parties that the word "eighty" should be written in the description and the figures "11" instead of "12", and as written, said mortgage does not express the contract between the parties, but if these corrections were inserted, the mortgage would express their contract. The mortgage was recorded April 12, 1909, was properly acknowledged by appellants before a notary public, and both the note and mortgage are due and unpaid; that there is now due appellee on said note as principal, interest and attorney fees the sum of $1,259.95.

Upon these facts, the court stated conclusions of law as follows: (1) Appellee is entitled to recover judgment from Reuben N. Miller in the sum of $1,259.95; (2) appellee is

entitled to have the mortgage sued on reformed so as to express the contract of the parties; that said mortgage as reformed, is a lien on the real estate prior to the right, title, claims and lien of each appellant, and appellee is entitled to have the same foreclosed and to have the real estate described as reformed, so as to pay and satisfy the judgment rendered; (3) that the conveyance of said real estate to William S. Taylor and from Taylor to appellants, so far as it affects the mortgage lien of appellee, ought to be and is set aside. Judgment was rendered accordingly in favor of appellee.

Appellants assign that the court erred in its conclusions of law upon the facts found, and in overruling the separate motion of each appellant for a new trial.

There is a suggestion in appellee's brief that the judgment should be affirmed upon the theory that appellee is entitled to be subrogated to the rights held under

1. the original mortgage of $800, which the evidence discloses was a part of the debt covered by the note and mortgage in suit. In support of this theory it is urged that there was a remittitur of $235 of the original judgment of $1,259.95, as disclosed by the record, at page 91 thereof. The fifth paragraph of the complaint likewise contains a prayer for subrogation, as stated. There is no finding of fact by the court upon which this conclusion can be based. It is settled in this State that no infer-

2. ences or intendments may be indulged by this court to aid special findings of fact, when a material fact is wholly omitted, but any fact essential to a recovery, not so found, must be held to be a finding adverse to the party having the burden of proof. *Donaldson* v. *State, ex rel.* (1906), 167 Ind. 553, 78 N. E. 182; *Pittinger* v. *Ramage* (1907), 40 Ind. App. 486, 82 N. E. 478; *McAdams* v. *Bailey* (1907), 169 Ind. 518, 82 N. E. 1057, 13 L. R. A. (N. S.) 1003, 124 Am. St. 240; *Cleveland, etc., R. Co.* v. *Moneyhun* (1896), 146 Ind. 147, 44 N. E. 1106, 34 L. R. A. 141, and

cases cited. The record nowhere discloses whether

1. the amount of the judgment as actually rendered is the amount of $800 with accrued interest and attorney fees. The judgment, as above stated, was originally entered in the amount of $1,259.95. After a motion for a new trial was filed, the plaintiffs entered a remittitur for $235, and judgment was entered for the remainder. The record nowhere discloses the reason for this remittitur. The balance may or may not be the correct amount. Neither the record nor briefs disclose the true situation. Upon the other hand, the whole record discloses that the theory upon which the parties proceeded, and upon which the judgment was entered was that the conveyance of Miller and wife to Taylor was fraudulent, and should therefore be set aside.

The special findings in this case wholly fail to find fraud as a fact. Under the decisions of this court, as well

3. as the Supreme Court, the findings of fact are insufficient upon which to base a conclusion of law setting aside the deeds of Miller and wife to Taylor, and from Taylor to Miller and wife as tenants by entireties. §7438 Burns 1908, §4900 R. S. 1881; *Phelps* v. *Smith* (1888), 116 Ind. 387, 17 N. E. 602, 19 N. E. 156; *Hutchinson* v. *First Nat. Bank, etc.* (1892), 133 Ind. 271, 30 N. E. 952, 36 Am. St. 537; *Citizens Bank* v. *Bolen* (1889), 121 Ind. 301, 23 N. E. 146; *Sickman* v. *Wilhelm* (1891), 130 Ind. 480, 29 N. E. 908; *Phillips* v. *Kennedy* (1894), 139 Ind. 419, 38 N. E. 410, 39 N. E. 147; *Morgan* v. *Worden* (1896), 145 Ind. 600, 32 N. E. 783; *Owens* v. *Gascho* (1899), 154 Ind. 225, 56 N. E. 224; *Dinius* v. *Lahr* (1905), 36 Ind. App. 425, 74 N. E. 1023; *Alberts* v. *Baker* (1898), 21 Ind. App. 373, 52 N. E. 469.

To sustain this judgment now upon the theory of subrogation would be a complete departure from the theory upon which this case was tried. This, in effect, would be

1. an amendment of the special findings by changing the theory of the case. It has been uniformly held

that the theory upon which a case is tried in the lower
4. court, and the one upon which the parties proceed,
must be adhered to in this court. *Studabaker* v.
*Faylor* (1908), 170 Ind. 498, 506, 507, 83 N. E. 447, 127 Am.
St. 397; *Oölitic Stone Co.* v. *Ridge* (1907), 169 Ind. 639,
644, 83 N. E. 246; *Indianapolis, etc., Traction Co.* v. *Brennan* (1910), 174 Ind. 1, 87 N. E. 215, 90 N. E. 65, 68, 91 N.
E. 503, 30 L. R. A. (N. S.) 85; *Donaldson* v. *State, ex rel.,*
*supra*; *West* v. *State, ex rel.* (1906), 168 Ind. 77, 81, 82, 79
N. E. 361; *Vandalia R. Co.* v. *Keys* (1910), 46 Ind. App.
353, 363, 91 N. E. 173; *Baldwin* v. *Siddons* (1910), 46 Ind.
App. 313, 318, 90 N. E. 1055, 92 N. E. 349; *Fairfield Shoe*
*Co.* v. *Olds* (1911), 176 Ind. 526, 96 N. E. 592, 593.

In view of the record as it appears in this court, we think
the ends of justice will be best subserved by remanding this
cause for a new trial.    Judgment reversed.

NOTE.—Reported in 103 N. E. 358. See, also, under (1) 2 Cyc.
675; (2) 38 Cyc. 1978, 1985; (3) 20 Cyc. 814; (4) 2 Cyc. 670. As
to fraudulent conveyances between husband and wife, see 19 Am.
St. 657; 20 Am. St. 715; 90 Am. St. 497. As to the estoppel of a
party to an appeal to assume an attitude inconsistent with that
taken by him in the lower court, see 8 Ann. Cas. 487.